Lane Bros. Co. v. Seakford, 106 Va. 93.     93

Syllabus.

# Richmond.

## Lane Brothers Company v. Seakford.

November 22, 1906.

Absent, Buchanan, J.

1. PLEADING—*Sufficiency of Declaration—Demurrer.*—A declaration is sufficient if the facts of the case are stated with sufficient certainty to be understood by the defendant who is to answer them, by the jury who are to inquire into their truth, and by the court which is to render judgment. The object of the declaration is to inform the defendant of the nature of the demand made upon him. If, on demurrer, the court can say, if the facts stated are proved, the plaintiff is entitled to recover, then the declaration is sufficient. The declaration in this case measures up to these requirements.

2. MASTER AND SERVANT—*Non-Assignable Duties—Instruction Covering Several Duties.*—A master is only bound to exercise ordinary care to discharge the duty of furnishing the servant a reasonably safe place to work, in providing competent employees, in giving proper orders, and in seeing that such orders and instructions are carried out. If the jury is instructed upon all these duties in a single instruction the instruction is not misleading when it begins by telling them that it is the duty of the master "to use ordinary and all reasonable care" in the discharge of those duties, enumerating them in the one, two, three order, and concludes "and if the jury believes from the evidence in the case that the defendant failed to exercise ordinary and all reasonable care in the performance of any or all of said duties, or failed to perform any one or all of them, and such failure was the proximate cause of the injury to the plaintiff, then they will find for the plaintiff." The expression "ordinary and all reasonable care" both at the beginning and conclusion of the instruction clearly qualifies each duty set forth in the instruction.

3. MASTER AND SERVANT—*Rules—Enforcement.*—While a master is not an insurer of the observance of rules, it is his duty to use reasonable care to enforce them. He does not discharge his whole duty to his servant by simply formulating and promulgating proper rules.

4. MASTER AND SERVANT—*Negligence of Fellow-Servant—Risk Not Inci-dent to Employment.*

*Quare:* Can a servant recover of the master for an injury inflicted through the negligence of a fellow-servant where the negli-gent act of the fellow-servant was not incident to the risk as-sumed by the plaintiff in his contract of employment?

Error to a judgment of the Circuit Court of Albemarle county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Cabell, Talley & Cabell* and *Duke & Duke,* for the plaintiff in error.

*O'Flaherty & Fulton* and *Robert F. Leedy,* for the defen-dant in error.

HARRISON, J., delivered the opinion of the Court.

W. L. Seakford brought this action to recover of Lane Bros. Co. damages for injuries received by him, which it is alleged were occasioned the plaintiff by the negligence of the defendant. A verdict was returned for the plaintiff, which the Circuit Court refused to set aside. To the judgment rendered upon that verdict this writ of error was awarded upon the petition of Lane Bros. Co.

A demurrer to the declaration and each count thereof was overruled. This action of the court is assigned as error.

The purpose of a declaration is to inform the defendant of the nature of the demand made upon him. The facts must be stated with sufficient certainty to be understood by the defen-dant, who has to answer them; by the jury, who have to enquire into their truth; and by the court, which has to render the

judgment. *Wood* v. *American Nat. Bank,* 100 Va. 306, 40 S. E. 931; *Virginia, &c., Wheel Co.* v. *Harris,* 103 Va. 708, 49 S. E. 991.

In the case of *Hortenstein* v. *Virginia-Carolina Ry. Co.,* 102 Va. 914, 47 S. E. 996, which is relied on by the defendant, the conclusion was reached that "in actions for a tort the declaration must state sufficient facts to enable the court to say, upon demurrer, whether, if the facts stated are proved, the plaintiff would be entitled to recover."

Tested by these familiar principles we are of opinion that the declaration in the case before us states a good cause of action. The relation between the plaintiff and the defendant is shown to be that of master and servant, it being averred that the defendant was a contractor engaged in the work of building railroads, etc., excavating, blasting, and using dynamite for such purposes; while the plaintiff is averred to be an employee of the defendant, eighteen years of age, deficient in mental capacity, and engaged in operating a hoisting engine used in the defendant's work. The duty of the defendant company is distinctly averred to be to exercise ordinary care to furnish and maintain for the plaintiff a reasonably safe place for doing the work assigned him, and to exercise the same care to see that the men employed by it are careful, skillful and competent. The breach of these duties is fully set forth, as well as the injuries resulting from the failure of the defendant to perform such duties. The negligence, which was the breach of the duty alleged, is averred to be that while the plaintiff, in the exercise of ordinary care on his part, was engaged in operating the hoisting engine, the defendant, through its agents and servants, negligently placed dynamite, a highly destructive explosive, dangerously close to a fire which had been built near the engine by the plaintiff for warming his feet, for the purpose of thawing it, and had carelessly left the same there unattended and not watched for a long period of time; and that so placing and leaving such dynamite exposed to the fire were

dangerous, negligent, careless and wrongful acts and conduct on the part of the defendant and its employees. After reciting that dynamite is a highly dangerous explosive, requiring expert, trained and careful men to properly thaw and use the same, and that the servants, foreman and agents of the defendant were untrained, inexperienced and unskilled, and averring that the defendant negligently failed to instruct its servants how to thaw, handle and use dynamite, and carelessly failed to warn plaintiff of the danger, but on the contrary told him there was no danger, it is declared that the defendant knew these things, but not regarding its duty in that behalf, did not use due diligence and proper and ordinary care to furnish to and keep and maintain for the plaintiff a reasonably safe place for his work, and did not use due diligence and proper care to see that careful and competent men were employed by it; but on the contrary had wholly neglected and failed to do so, and that such negligent failure was the proximate cause of the accident and injury to the plaintiff, which is set out to be that the dynamite caught fire, exploded and injured the plaintiff in the manner complained of.

It is not necessary to recite here with more detail the averments of this declaration. It sets out with unusual fullness and clearness every essential fact necessary to apprise the defendant of the nature of the demand against him, and "to enable the court to say, upon demurrer, whether, if the facts stated are proved, the plaintiff would be entitled to recover." *Hortenstein* v. *Va.-Car. Ry. Co., supra.*

Several bills of exception were taken to the action of the court in permitting certain questions to be asked and answered which were propounded to plaintiff's witnesses, and in rejecting certain questions and answers which were propounded to the defendant's witnesses. These objections were not pressed in the oral argument, and we are not able to see that the defendant has been, in any respect, prejudiced by these rulings of the Circuit Court.

A bill of exception was taken to the action of the court in giving eight instructions asked for by the plaintiff. In the oral argument before this court these objections were abandoned, except as to the second and eighth instructions.

The second instruction is as follows: "The court instructs the jury that it was the duty of the defendant company to use ordinary and all reasonable care—first, to furnish and maintain a reasonably safe place for the plaintiff to do the work which he was employed by the defendant to do; second, to use a like degree of care to employ fit, competent and careful men to do any other work required by said company to be done in, about, near, by and around the place where the plaintiff was working, and to see that said other workmen were careful in doing their said work; third, to use like care to make and give proper orders and instructions to its employees doing its said work how to properly and carefully do the same, and to see that its said orders and instructions were obeyed and carried out by each and all of said employees; and that these duties could not be assigned or delegated by the defendant to any of its employees; and if the jury believes from the evidence in this case that the defendant company failed to exercise ordinary and all reasonable care in the performance of any one or all of said duties, or failed to perform any one or all of them, and such failure was the proximate cause of the injury to the plaintiff, then the jury will find for the plaintiff."

The objection urged to this instruction is that it is not clear in limiting the duty of the defendant to the exercise of reasonable care in furnishing a safe place for the plaintiff to work; in providing careful and competent employees where the plaintiff was working; in giving proper orders and instructions to such employees, and in seeing that such orders and instructions were carried out; that the instruction is so framed as to mislead the jury into supposing that an absolute and unqualified duty rested upon the master to discharge the several duties mentioned, and that this is particularly true of the

charge with respect to the defendant seeing that his orders and instructions were carried out.

It is undoubtedly true that the master is only bound to exercise reasonable care to discharge the several duties mentioned in the instruction.    This rule has been repeatedly laid down by this court.  *Norfolk, &c., R. Co. v. Nuckols,* 91 Va. 193, 207, 21 S. E. 342; *Bertha Zinc Co. v. Martin,* 93 Va. 791, 22 S. E. 869; *Richmond Locomotive Works v. Ford,* 94 Va. 627; 27 S. E. 509; *McDonald v. N. & W. Ry. Co.,* 95 Va. 98, 27 S. E. 821; *Robinson v. Dininny,* 96 Va. 41, 30 S. E. 442; *Va. & N. C. Wheel Co. v. Chalkley,* 98 Va. 62, 34 S. E. 976; *Southern Ry. Co. v. Mauzy,* 98 Va. 692, 696, 37 S. E. 285.

The master does not discharge his whole duty to his employees by formulating and promulgating proper rules, but he owes the further duty to use reasonable care and vigilance in the enforcement of such rules.    *Warn v. N. Y. Cent., &c., Co.,* 157 N. Y. 104, 51 N. E. 744; *Ohio & M. Ry. Co. v. Collarn,* 73 Ind. 261, 38 Am. Rep. 134; *Slater v. Jewett,* 85 N. Y. 61, 39 Am. Rep. 627.    The master is, however, not an insurer of the observance of rules, though obliged to use reasonable care to enforce them.    *Rutledge v. Missouri Pac. Ry. Co.,* 123 Mo. 133, 24 S. W. 1053, 27 S. W. 327.

We are of opinion that the objection urged to instruction No. 2 is not well taken.    The instruction begins by telling the jury that "it was the duty of the defendant company to use ordinary and all reasonable care—first, etc."    After setting out each of the duties to be observed, the instruction concludes as follows: "  .  .  and if the jury believes from the evidence in this case that the defendant company failed to exercise ordinary and all reasonable care in the performance of any or all of said duties, or failed to perform any one or all of them, and such failure was the proximate cause of the injury to the plaintiff, then the jury will find for the plaintiff."    The expression, "ordinary and all reasonable care," both at the beginning and conclusion of the instruction, clearly qualifies each duty set forth in the

instruction, and limits the duty of the defendant to the exercise of ordinary and reasonable care.

The eighth instruction is as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff was injured by some act—even though it may have been a negligent act—of a fellow-servant, yet they cannot find for the defendant company unless that negligent act of a fellow-servant was incident to the risk assumed by the plaintiff in his contract of employment."

It is contended that this instruction erroneously places a limitation upon the established rule that a master is not liable for the negligent acts of a fellow-servant; and that this erroneous limitation is found in the following concluding words: "Yet they cannot find for the defendant company, unless that negligent act of a fellow-servant was incident to the risk assumed by the plaintiff in his contract of employment."

The court being evenly divided as to the propriety of this instruction in its present form, no opinion is expressed with respect thereto.

The only remaining assignment of error is to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence. A careful consideration of the record satisfies us that the evidence abundantly sustains the conclusion reached by the jury, and, therefore, their verdict cannot be disturbed.

For these reasons the judgment complained of must be affirmed.

*Affirmed.*