Statement.

### Richmond

## Norfolk & Western Railway Co. v. Cofer.

### January 16, 1913.

1. Master and Servant—*Injury to Servant—Disobedience to Rules—Habitual Disregard of Rules—Contributory Negligence.*—A servant will not be absolved from the imputation of contributory negligence for violating a rule of the master made for the protection of himself and others, because that rule is habitually disregarded, unless it appears that it was done with the knowledge of the master, or he had so neglected to enforce it as that his conduct amounted to a suspension of the rule. As the master is bound at his peril to make the rules, the servant should be equally bound, at his peril, to obey them.

2. Master and Servant—*Injury to Servant—Habitual Disregard of Rules—Burden of Proof—Case at Bar—Contributory Negligence.* A servant who seeks to recover from the master for an injury sustained in consequence of his disobedience to a well-known and established rule of the master, but contends that the rule had been so habitually disregarded, with the master's acquiescence, as to amount to its suspension, has the burden of proof on such contention. The evidence in the case at bar fails to establish that contention. Moreover, the plaintiff, an experienced car inspector, with full knowledge of the rules made for his protection, placed himself in a position of great peril, without the slightest warning or notice to anyone of his presence, when there was no emergency demanding it, and his injury was almost the necessary consequence of his folly. The most ordinary prudence on his part would have avoided the injury suffered by him, and hence he cannot recover.

Error to a judgment of the Corporation Court of the city of Radford in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Theodore W. Reath, R. L. Jordan,* and *Phlegar, Powell, Price & Shelton,* for the plaintiff in error.

*H. C. Tyler,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

Upon the trial of this action to recover damages for personal injuries, there was a demurrer to the evidence by the defendant railway company, which was overruled and judgment given for the plaintiff by the lower court for $5,000, the damages ascertained by the jury.    To that judgment this writ of error was awarded.

The declaration alleges that the plaintiff, G. W. Cofer, was a car and air inspector for the defendant, and that while coupling the air on certain cars, in the course of his duty, other cars were pushed against him, causing him to be knocked down and run over, with the result that his leg was so injured that it had to be amputated.    The negligence alleged was the defendant's failure to provide a safe place, its failure to establish, promulgate and enforce proper rules for the protection of the plaintiff, and its negligence in striking the cars he was working with.    The defendant denied any negligence on its part, and contended that the plaintiff's injury was the result of his own negligence and disobedience of the established rules of the company.

It appears that the accident occurred at night on the yards of the defendant at East Radford, while the plaintiff was in the act of coupling air on a number of cars standing on the track.    This work required him to step between the cars and remain there in a crouching position long enough to make each coupling.    It was dark and the

plaintiff had displayed no signal and given no warning of his presence in this dangerous position to anyone. At the time, other employees, in the discharge of their duty, were shifting cars to the same track where the plaintiff was at work, which struck the cars he was between, thereby causing the injury complained of.

The evidence was directed almost exclusively to the question of rules and the plaintiff's disobedience thereof, and to the question of the plaintiff's contributory negligence. That rules were established and promulgated by the company cannot be denied. The pertinent and important rule in this case was that which required car inspectors and car repairers to protect themselves by conspicuously displaying a blue signal, as provided in rule 26, which says, "that a blue flag by day and a blue light by night, displayed at one or both ends of an engine, car or train, indicates that workmen are under or about it. When thus protected it must not be coupled to or removed. Workmen will display the blue signals and the same workmen are authorized to remove them. Other cars must not be placed on the same track so as to intercept the view of the blue signals without first notifying the workmen."

The establishment and promulgation of these rules, and the plaintiff's knowledge of them, is under the evidence beyond dispute. They were posted and repeatedly given to him, and the importance of their observance urged upon him. He admits that he read the rule for his protection, understood it, and says there was never any order not to obey it. It is further established by the evidence that blue flags and lanterns were provided and could always be gotten when wanted. The plaintiff, however, contends that the rules in question were so habitually violated or neglected by the employees, with the knowledge, express or implied, of the company, as to amount to their suspension or abrogation, or to estop the company from claiming that the plaintiff should have obeyed them.

In *Driver* v. *Southern Ry. Co.,* 103 Va. 657, 49 S. E. 1002, it is said to be settled law "that an employee will not be absolved from the imputation of contributory negligence for violating a rule of the master, made for his own, as well as the protection of others, because that rule is habitually disregarded, unless it appears (and the burden is upon the plaintiff to show this) that it was done with the knowledge of the master, or he had so neglected to enforce it as that his conduct amounted to a suspension of the rule."

In Labatt on Master and Servant, sec. 233, p. 519, it is said: "In some of the cases, the inability of the master to take advantage of the servant's disobedience of a rule which has been habitually disregarded is viewed as a deduction from the existence of a duty to enforce the rules. But this consideration would seem to be quite out of place in such a connection. Servants who do what they know to have been prohibited, or fail to do what they know to have been prescribed, cannot be free from culpability simply because the control exercised over their conduct by the master was not as efficient as it should have been. Under such circumstances the negligence of the servant still remains as the proximate cause of his injury. The correct theory undoubtedly is, either that the employer's intention to abolish a rule is deduced from his omission to enforce it, or that this omission amounts to a kind of equitable estoppel *in pais,* which precludes him from relying on the defense of contributory negligence so far as it might be predicated from the servant's disobedience to orders."

In *Lane Bros. Co.* v. *Seakford,* 106 Va. 93, 98, 55 S. E. 556, 557, it is said: "The master does not discharge his whole duty to his employees by formulating and promulgating proper rules, but he owes the further duty to use reasonable care and vigilance in the enforcement of such rules. * * * The master is, however, not an insurer of

the observance of rules, though obliged to use reasonable care to enforce them."

· In *Southern Railway Co.* v. *Johnson,* 111 Va. 499, 505, 69 S. E. 323, 325, this court, quoting with approval from 110 Mo. 387, said: "It would be most unreasonable and unjust, after imposing upon the master the duty of promulgating a rule for securing the safety of his servant, to permit the servant to recover from the master damages for injuries which the observance of the rule would have prevented. As the master is bound, at his peril, to make the rules, the servant should be equally bound, at his peril, to obey them. In such case the disaster is brought upon the servant by his own voluntary act, and he and not the master, who has discharged his duty, should bear the consequences. So it has been uniformly ruled."

In the case at bar the plaintiff had been a car inspector for five years, and as such had inspected and coupled the air-brake appliances for four years on the East Radford yards. The burden was upon the plaintiff to sustain his contention that the rule had been so habitually disregarded, with the master's acquiescence, as to amount to its suspension. The evidence fails to establish this contention. The plaintiff's own testimony, as well as that of other witnesses introduced by him, satisfactorily shows that there had been no such habitual disregard of the rule by the employees as to impute to the master a purpose to abolish it, or to indicate an intention not to enforce it. The plaintiff admits that he sometimes obeyed the rule, and other witnesses vouched by him establish the fact that the requirements of the rule were frequently complied with by those whose duty it was to obey it. This admission of the plaintiff shows that he had full knowledge of the existence of the rule, and was thoroughly informed as to its use and purpose. The rule of the company was adequate for the plaintiff's protection, and his voluntary act

in disobeying the rule brought about the disaster that has befallen him, and he must bear the consequences.

If, however, there had been no rule pointing the plaintiff to the path of safety, his reckless negligence in this case would have precluded a recovery by him. *Williams v. Norton Coal Co.,* 108 Va. 608, 62 S. E. 342. It was dark. The plaintiff knew, or with the slightest attention to his surroundings could have known, that the employees of the company were actively at work shifting cars to the track and to the cars where he was proposing to couple air appliances. He admits that the place he proposed to occupy was one of great peril, and yet in the dark, without the slightest warning or notice of his presence to anyone, he placed himself in a crouching position between these cars. The calamity that followed was almost the necessary consequence of such folly. There was no emergency that required the plaintiff to incur such a peril, nor did he owe the defendant any duty that made such an act necessary. The most ordinary prudence on his part would have avoided the injury suffered. Under such circumstances as these there can be no recovery.

It appears from what has been said that the Corporation Court of the city of Radford erred in overruling the demurrer to the evidence and in giving judgment for the plaintiff. The judgment complained of must, therefore, be reversed, and this court will enter such judgment as the lower court ought to have entered, sustaining the demurrer to the evidence.

*Reversed.*