# Richmond.

## ATLANTIC COAST LINE RAILROAD COMPANY v. NEWTON.

### March 11, 1915.

### Reheard January 13, 1916.

1. INTERSTATE COMMERCE—*Employers' Liability Act—Railroads—Telephone Operator.*—A railroad telephone operator rendering service in connection with a passenger train plying between two points in different States is engaged in interstate commerce, and, if injured through the negligence of the company or its servants, is entitled to recover therefor in the State court under the Federal Employers' Liability Act.

2. INSTRUCTIONS—*Directing a Verdict.*—An instruction directing a verdict must state a complete case, and if it undertakes to cover the whole case and state all the circumstances necessary to be considered by the jury in arriving at a verdict, but omits an essential view of the case, it is erroneous.

3. MASTER AND SERVANT—*Railroads—Telephone Operator—Lightning Arrester.*—It is the duty of a railroad company to use ordinary care to provide and maintain in a proper state of efficiency lightning arresters in connection with its telephone and telegraph service in order to protect its operators from the dangers of lightning or other excessive and dangerous current of electricity coming in contact with its telephone and telegraph wires, from sources which it can reasonably anticipate, and it is liable to a servant for an injury proximately resulting from a failure to discharge such duty.

4. EVIDENCE—*Proof of Accident—Liability of Defendant—Circumstances Attending Accident.*—In ordinary cases, mere proof of the accident does not justify a recovery, but there must be independent evidence that it was caused by some negligent act of the defendant. Still the circumstances attending the accident and the injury received may be considered in reaching a conclusion as to the probable cause of the accident producing the injury.

5. VERDICTS—*Conflicting Evidence.*—Where the evidence upon the material facts of a case is conflicting, the verdict of the jury is conclusive.

6. ELECTRICITY—*Care in Use—Master and Servant.*—Electricity is a dangerous agency, and those using it must exercise ordinary care for the protection of their employees from a dangerous current over their wires from any source.

Error to a judgment of the Circuit Court of Greensville county in an action of trespass on the case.   Judgment for the plaintiff.   Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Wm. B. McIlwaine* and *Hamilton & Mann,* for the plaintiff in error.

*Buford, Lewis & Peterson,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This suit was brought by I. B. Newton, an employee of the Atlantic Coast Line Railroad Company engaged in its office at Emporia as a telephone and telegraph operator.   He was charged with the duty of directing the movement of defendant's trains in the two railway blocks or sections terminating at Emporia station, subject to the authority of the chief dispatcher in the office of the defendant at Richmond.   This action is brought under the provisions of the act of Congress known as the Federal employers' liability act.   Act April 22, 1908, C. 149, 35 Stat. 65 (U. S. Comp. St., 1913, secs. 8657-8665). The defendant was engaging in interstate commerce.   The service being rendered by the plaintiff was in connection with the operation of a passenger train plying between Richmond, Va., and Rocky Mount, N. C.   The application of the act is undisputed, and the questions before the court, as stated by counsel for defendant in error in his brief, are, (1) whether the defendant was guilty of the negligence charged;   and, (2) whether the physical condition of the plaintiff resulted in whole or in part from that negligence?

The declaration contains but one count, which sets out in much detail the business in which the defendant company was engaged, the duties imposed upon defendant in error by reason of the employment as an operator, the various instrumentalities

which he was required to operate, the duty which the defendant company owed to him, and the negligent breach of that duty which constitutes the basis of his action. The following summary of the declaration will, we think, be sufficient to enable us to deal intelligently with the questions submitted to our consideration:

At Emporia, a station on the line of the defendant railway company in Virginia, there was a certain telephone instrument attached to and connected with the telephone lines, and used for the purpose of transmitting messages, orders and signals with respect to the movement of trains. Connected with the telephone instrument and lines were five certain devices known and designated as lightning arresters, installed by the defendant, and which when properly constructed and maintained in a proper state of efficiency and a proper connection with the earth, were competent to protect the person engaged in using said telephone instrument. It was the duty of the defendant to provide a reasonably safe place at Emporia in which the plaintiff was to perform his duties, and to use reasonable diligence to guard and protect the plaintiff in his capacity as telephone and telegraph operator from dangers ensuing to him from the presence and effect of excessive and dangerous currents of electricity finding access at any time from any source to the telephone instrument as might, in the ordinary course of events or in the course of nature, be expected under the circumstances.

That sufficiently describes the occupation of the plaintiff and the duty which was owing to him by the railroad company. The declaration then proceeds to state the breach of duty for which the plaintiff claims the right to recover as follows: That the defendant, not regarding its duty in that behalf, carelessly, negligently and wrongfully wholly failed and omitted to perform the same, and at the time of and for a long space of time before inflicting the injury upon the plaintiff, through its agents, servants, superintendents and inspectors,

then and there engaged in another department of labor, other than that in which the plaintiff was then and there engaged, caused, suffered and permitted certain of the said devices, commonly known and designated as lightning arresters, attached to a certain wire or wires connecting the certain telephone instruments which the said plaintiff was then and there in the performance of his duty as telephone and telegraph operator obliged to use, with certain of the said telephone lines entering the said station, whereby the station last aforesaid communicated with another or others of said stations, to be and remain and continue for a long space of time in a defective and improper condition, improperly constructed and equipped, in a state of inefficiency, by reason of the absence of certain pieces or parts of carbon and certain pieces of mica, essential to the efficiency of said lightning arresters, and destitute of a proper and adequate connection by a sufficient wire or wires with the earth or ground; and particularly caused, suffered and permitted a certain one of said lightning arresters, then and there attached to a certain wire or wires connecting the said certain telephone instrument, which said plaintiff was then and there, in the performance of his duty as aforesaid, engaged in using, with a certain telephone line or telephone lines entering the said station, whereby the said station communicated with another or others of said stations, to be, remain, and continue for a long space of time in a defective and improper condition, improperly constituted and equipped, by reason of the absence of certain points or pieces of carbon, and certain pieces of mica, essential to the efficiency of said lightning arresters, and destitute of a proper and adequate connection by a sufficient wire or wires with the earth or ground; of all which said premises the said defendant then and there had notice, or could, by the exercise of ordinary care in the premises, have had notice, and by the exercise of ordinary care could have prevented the injuries which the plaintiff suffered.

Upon a plea of not guilty to this declaration the parties went to trial, and a great mass of evidence was introduced before the jury, which rendered a verdict for the plaintiff for $10,000, and the case is before us upon exceptions taken during the progress of the trial.

The errors assigned by the railroad company before this court are, that the verdict was contrary to the law and the evidence; that the court erred to its prejudice in refusing to give to the jury certain instructions offered by it, and in giving certain instructions offered by the plaintiff; and because the damages awarded were excessive. We shall first consider the assignment of error relating to the giving and refusing of instructions.

Defendant offered two instructions, Nos. 1 and 2, which were refused, and are as follows:

1. "The court instructs the jury that if they believe from the evidence that the injuries received by the plaintiff, I. B. Newton, were not caused by a violent concussion produced in or at the telephone instrument itself, or by a current of electricity passing through the said telephone instrument, they must find a verdict for the defendant, although they may further believe from the evidence that the said Newton was injured by a discharge of lightning, which reached him through some other of the wires or appliances of the defendant."

2. "The court instructs the jury that they cannot find a verdict for the plaintiff unless they believe from the evidence that a current of electricity, at the time of the accident, ruptured and exploded one or more of the five lightning arresters mentioned in the declaration, that is to say, the five 60-A lightning arresters, and then passed into the telephone instrument which was in use by the said plaintiff and resounded and detonated in the said telephone instrument with force and energy and produced a concussion by means of which premises the said plaintiff was injured."

The plaintiff offered instruction No. 5, to the giving of which the defendant excepted, and which is as follows:

"The court instructs the jury that if they believe from the evidence that the lightning arresters installed by the defendant in its office at Emporia, where the plaintiff was employed, were devices which, when in proper condition, would have afforded reasonable protection to persons performing the duties of telephone operators in said office, from the dangers arising from atmospheric or other excessive or dangerous currents of electricity, finding access to the said telephone lines from any sources which the said defendant, in the exercise of ordinary care, would have reasonably anticipated, and that such lightning arresters were devices which were customarily employed by companies maintaining and operating telephone lines under similar circumstances to those of the case at bar, for the purpose of affording to their telephone operators such protection as aforesaid; and if the jury further believes from the evidence that while the plaintiff was engaged in the performance of his duties as a telephone operator in said office, a bolt of atmospheric lightning, or other excessive and dangerous current of electricity finding access to the telephone line from a source which the said defendant, in the exercise of ordinary care and prudence, would reasonably have anticipated under the circumstances, by reason of such defective condition, entered the said telephone office and inflicted upon the said plaintiff the injuries complained of in the declaration, then they must find for the plaintiff."

We are of opinion that instructions 1 and 2 were rightly rejected by the court. They in substance directed a verdict upon a partial and inadeqate statement of the facts. We have held in numerous instances that an instruction directing a verdict must state a complete case (*Sun Life Assur. Co.* v. *Bailey,* 101 Va. 44, 44 S. E. 692), and an instruction which undertakes to cover the whole case and state all the circum-

stances necessary to be considered by the jury in arriving at their verdict and which omits an essential view of the case is erroneous. Phillips on Instructions to Juries in Va., sec. 36, and cases there cited.

The evidence before us tends to prove that the devices and appliances provided and installed by the defendant, when properly constructed and maintained, and with proper connection with the earth, were competent to protect persons engaged in using the telephone instruments to which they were attached. The evidence further tends to prove that these appliances were not maintained in a proper state of efficiency by reason of the absence of certain carbon and mica parts or pieces essential to the efficiency of the lightning arresters, and that the wires connecting these appliances with the earth were inadequate and insufficient. The evidence also tends to prove that there was no proper inspection and supervision over the apparatus and appliances in question, and that if such proper inspection had been made the defects existing would have been disclosed; and to these must be added the facts immediately attending the injury of which the defendant in error complains. The accident happened on the night of June 22, 1913, during a thunder storm. The defendant in error was at the time using the telephone in the discharge of his duties when the bolt of lightning came. He says: "I was rendered almost unconscious. I can remember some things for awhile; I do not remember anything right clearly. . . . the fragments of the board that were torn out were scattered around on the floor. . . ." The defendant in error and his associates proceeded to examine the switchboard by taking the caps off of the lightning arresters. They found no carbons in the arresters and all of the fuses were burnt out.

It is true that in ordinary cases mere proof of the accident does not justify a recovery, but there must be independent evidence that it was caused by some negligent act of the defend-

ant. Still the circumstances attending the accident and the injury received may be considered in reaching a conclusion as to the probable cause of the accident producing the injury.

We think the view of the case presented by instructions Nos. 1 and 2 would not have aided the jury in reaching a correct conclusion, but would, on the contrary, have had a tendency to confuse and mislead them.

Instruction No. 5 given at the instance of the defendant in error, is objected to because, as it is claimed, it does not confine the jury to the causes of negligence stated in the declaration, but "threw the bars down and permitted the jury to travel into realms of fancy and conjecture in arriving at their conclusion as to how the plaintiff was injured, if at all, or, in other words, allowed them to find for the plaintiff, no matter how much the facts proved by him might differ from the facts upon which his complaint was founded."

As we understand the objection, it applies to the latter portion of the instruction, which states that "if the jury further believe from the evidence that while the plaintiff was engaged in the performance of his duties as a telephone operator in said office, a bolt of atmospheric lightning, or other excessive and dangerous current of electricity finding access to the said telephone line from a source which the said defendant, in the exercise of ordinary care and prudence, would reasonably have anticipated under the circumstances, by reason of such defective condition, entered the said telephone office and inflicted upon the said plaintiff the injuries complained of in the declaration, then they must find for the plaintiff." The unwarranted latitude which this instruction was supposed to give to the jury is to be found, we presume, in the language, "or other excessive and dangerous current of electricity finding access to the said telephone line from a source which the said defendant, in the exercise of ordinary care and prudence, would reasonably have anticipated under the circumstances." The electricity

which inflicted the injuries could have had but two sources—electricity generated by mechanical appliances operated and controlled by the plaintiff in error, or atmospheric electricity or lightning. The evidence tends to show, as we have already said, that the appliances installed by the plaintiff in error, if kept in a reasonable state of efficiency, would have constituted an effectual safeguard against injury by electricity from either one of the possible sources. The only negligence alleged and referred to in this instruction is the negligence of the plaintiff in error in respect to either the installation or the maintenance of proper appliances to afford its employees reasonable protection, and in the instant case the specific negligence consisted in not keeping the lightning arresters in proper condition and affording a sufficient connection with the ground. We do not think this instruction offends against the principle of pleading which this court established in *Hortenstein* v. *Va.-Carolina Ry. Co.,* 102 Va. 914, 47 S. E. 996, and which has since been approved in a long line of cases. See *Lane Bros.* v. *Seakford,* 106 Va. 93, 55 S. E. 556; *Hot Springs Lumber Co.* v. *Revercomb,* 106 Va. 176, 55 S. E. 580, 9 L. R. A. (N. S.) 894; *Lynchburg Traction Co.* v. *Guill,* 107 Va. 86, 57 S. E. 644; *Newport News & O. P. Ry. Co.* v. *Nicolopoolos,* 109 Va. 155, 63 S. E. 443.

We are of opinion that there was no error in granting the 5th instruction.

We come next to the motion to set aside the verdict as contrary to the evidence. A great part of the evidence is devoted to the physical condition of the defendant in error. It is claimed on behalf of the plaintiff in error that his condition is due in great part, if not wholly, to a loathsome disease which he had contracted, but upon this whole subject there is a strong contradiction among the witnesses. Indeed, upon every material fact in the case before us we may safely say there was a conflict of testimony, which it was the duty of the jury, which saw and heard the witnesses, to weigh and determine.

We find here no ground for applying the doctrine stated in *C. & O. Ry. Co.* v. *Anderson,* 93 Va. 665, 25 S. E. 947, that courts cannot accept as true what in the nature of things could not have occurred in the manner and under the circumstances narrated and may, therefore, be said to be incapable of proof. Reference to that case will show that the facts as stated by the witnesses could not be true unless there had been a suspension of the operation of the laws of gravity.

In the case of *N. & W. Ry. Co.* v. *Crowe,* 110 Va. 798, 67 S. E. 518, this court said, that "testimony in conflict with the conceded and undisputed facts cannot, in the nature of things, be true and hence cannot form any basis for a conflict upon which to rest a verdict." The court, therefore, refused to believe that witnesses whose sense of hearing and sight were not impaired could neither see nor hear a train plainly visible and making a noise so loud that it could be heard distinctly by persons at a much greater distance from it than the witnesses whose testimony was questioned.

We have here the ordinary case of a conflict of testimony, which it was the province of the jury to solve, and having found a verdict their conclusion binds the court.

The defendant in error was an employee of the Atlantic Coast Line Railroad Company. The employer was in no sense an insurer of the employee's safety, but it owed him the duty of exercising reasonable care to afford him a reasonably safe place in which to work, and to install and preserve in a reasonably safe condition the instrumentalities which he was called upon to use in the performance of the duties assigned to him. As was said in *Delahunt* v. *United Tel. Co.,* 215 Pa. 241, 64 Atl. 515, 114 Am. St. Rep. 958, "a telephone company, dealing as it does with the dangerous agency of electricity, is bound to exercise at all times the highest degree of care and vigilance· to protect its patrons from a dangerous electric current over its wires from any source."

The highest degree of care was not due to the employee in

this case, but with that change the quotation from the case just cited applies to the case before us with full force. Electricity is a dangerous agency, and those using it must exercise ordinary care for the protection of their employees from a dangerous current over their wires from any source.

The court gave numerous instructions, both for the plaintiff and defendant, in addition to those the granting and refusing of which have been specially commented upon, and a careful review of all the instructions and of the facts upon which they are based satisfies us that there is no ground upon which we could interfere with the result reached by the circuit court, whose judgment is, therefore, affirmed.

REHEARD JANUARY 13, 1916.

Absent, Cardwell, J.

KEITH, P., delivered the opinion of the court.

The case is before us upon a rehearing of a judgment rendered by this court at the March term, 1915. We have given careful consideration to the arguments of counsel, both written and oral, upon the rehearing, and being of opinion that no other conclusion can properly be reached, we adhere to our former decision, for the reasons stated in the opinion heretofore filed.

*Affirmed.*