# Richmond.

## HURLEY v. SHORTRIDGE AND OTHERS.

### November 11, 1915.

1. EVIDENCE—*Boundaries—Declarations of Deceased Persons—Parol Evidence.*—Declarations of the former owner of land, since deceased, as to the identity or location of a particular corner or boundary of the land are admissible in evidence. Parol evidence is always admissible to apply the descriptive terms of a deed or will to the subject to which they relate. This is no violation of the rule which forbids the introduction of parol evidence to alter the terms of a valid written instrument.

2. INSTRUCTIONS—*Conflict—Different Aspects of Case.*—Instructions are not conflicting where one presents the plaintiff's view of the case and another the defendant's view. The object in such case is to present to the jury both aspects of the case.

3. INSTRUCTIONS—*Partial View of Evidence.*—An instruction is erroneous which directs a finding for the plaintiff upon the ascertainment of certain facts set out in the instruction, but omits all reference to material evidence tending to prove a different state of facts and which would require a different verdict.

Error to a judgment of the Circuit Court of Buchanan county in an action of ejectment. Judgment for the defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Greever, Gillespie & Devine, Finney & Stinson* and *Williams & Combs,* for the plaintiff in error.

*Chase & Daugherty* and *Skeen & Skeen,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

This is an action of ejectment brought by Hurley to recover a small parcel of land described in his declaration. Both the plaintiff and the defendants claim title under John Ramey, who undertook to divide a certain tract of land between two of his daughters. By his deed of date March 15, 1902, he conveyed to his daughter, Vicey Shortridge, a tract of land a part of which is in dispute. By his will, admitted to probate in October, 1903, he devised to his daughter, Louisa, an adjoining tract. Louisa afterwards intermarried with one Clevinger and conveyed the tract devised to her to the plaintiff.

If the deed from John Ramey to his daughter, Vicey, conveys the land in controversy, petitioner concedes that he has no right thereto, but he does claim that the land in controversy is not included in that deed but is embraced in the devise to Louisa Clevinger, under whom he claims. Determination of this question depends upon the effect to be given to a part of the description in the deed to Vicey Shortridge, which, after describing the greater part of the tract, continues as follows: "thence with said Clevinger line to John A. Looney's line and with said Looney's line down the river to the middle of the river at the mouth of Steep Cut Hollow, thence down said river with the middle thereof to below the mouth of Schute branch, opposite the last stake called for in the 100-acre patent, thence straight up the hill to said stake, thence N. 31 W. 212 poles to the beginning."

The contention of the plaintiff in error is that the court was bound to look to the 100-acre patent under which John Ramey held, and that to admit evidence as to where John Ramey located the last stake called for in the 100-acre patent was in violation of the rule that forbids the introduction of parol evidence to alter the terms of a written instrument; but we do not think that rule applies to the case before us. It was necessary to the decision of the case to determine the line in controversy, and for that purpose John Ramey's declarations were introduced. It is in almost all cases necessary to resort

to parol evidence in order to apply the descriptive terms of a deed or will to the subject to which they relate. Such evidence has always been admitted in this State and elsewhere, so far as we are informed.

In the case of *Clements* v. *Kyle,* 13 Gratt. (54 Va.) 468, the court said: "Nor is it denied that upon questions of boundary in Virginia, not only general reputation, but also hearsay evidence as to any particular facts may, under certain circumstances, be properly received as evidence. Thus the declaration of a deceased person as to a particular corner tree or boundary may be given in evidence, provided such person had peculiar means of knowing the facts."

In *Harriman* v. *Brown,* 8 Leigh (35 Va.) 697, the court said: "The law is well settled in Virginia that evidence is admissible to prove the declaration of a deceased person as to the identity of a particular corner, tree or boundary, provided such person has peculiar means of knowing the facts in question; as, for instance, the surveyor or chain carrier who were engaged upon the original survey, or the owner of the tract or of an adjoining tract, calling for the same boundaries."

At the time John Ramey made the statements in question he was the owner of the identical land claimed by plaintiff in error. He, himself, had made the line between his two daughters, he of all persons best knew as to the location of that line, and his declarations are clearly admissible in evidence. We are of opinion that the court did not err in admitting the testimony objected to.

The same question arises upon instructions given in the case. The first instruction given by the court at the request of plaintiff in error, after treating of the burden of proof and the weight of evidence, tells the jury, that "they shall determine from the evidence the true location of the last stake called for in the 100-acre patent to John Looney, and shall locate the land conveyed by said deed so that one line thereof shall run from a point in the river opposite said stake straight up the hill to said stake." Instruction No. 3, given at the instance

of the defendants in error, tells the jury, that "if they believe from the evidence that John Ramey located the last stake in the 100-acre patent at the blazed tree, shown in evidence, and that Joe Looney, at the request or by permission of said Ramey, designated the place by blazing or marking a tree, and that the stake as thus located was the stake that John Ramey called for in his deed to Vicey Shortridge, then the jury will find this to be the true location of the stake called for in said deed."

Plaintiff in error contends that these instructions, one given at the instance of the plaintiff and the other at the instance of the defendants, are contradictory the one of the other, and come within the influence of that class of cases which hold that where instructions are antagonistic they tend to mislead the jury, and the case must be remanded for a new trial.

We do not think the case before us comes within the influence of those decisions. Our view is that the court was presenting to the jury both aspects of the question—the view maintained by the plaintiff in error and that of the defendants in error. The record does not show whether the instruction No. 1, given at the instance of the plaintiff in error, was objected to in the trial court or not. It could not have been the subject of exception in this court on behalf of the defendants in error, because the defendants in error prevailed in the circuit court and the judgment complained of is in their favor; but it is not improper for us to say that instruction No. 1 does not correctly state the law, for it requires the jury, upon the ascertainment of certain facts set out in the instruction, to find a verdict for the plaintiff, omitting all reference to the evidence with respect to the location of the disputed last stake by John Ramey in his lifetime.

We are of opinion that the evidence excepted to was properly admitted, that there is no error in the instructions of which plaintiff in error can justly complain, and, upon the whole case, that the judgment of the circuit court should be affirmed.

*Affirmed.*