Staunton.

## Norfolk and Western Railway Co. v. Parrish.

September 11, 1916.

1. Railroads—*Invitee—Licensee.*—One who goes upon the premises of a railroad company to meet an incoming passenger and to join him on his journey is an invitee and not a mere licensee.

2. Instructions—*Conflicting Theories.*—Where the evidence presents conflicting theories of a case, each party is entitled to an instruction presenting his theory.

3. Instructions—*Case at Bar—Presumptions—Burden of Proof—Question for Jury.*—There are no circumstances in the case at bar to justify the presumption that the plaintiff did not look or listen before going upon a grade crossing where he was injured by a passing train, or if he did look, that he did not heed what he saw, and that the burden was upon him to show that he did look and listen, and did not see the train, and it was not error to refuse a prayer to that effect. An instruction must not assume facts which are for the jury to find, and should not be given unless there is evidence on which to base it. The question of whether or not the plaintiff did what, under the circumstances disclosed by the evidence, was reasonably to be expected of him, was for the jury to determine, without any expression or intimation from the court as to the weight to be given to the evidence.

4. Appeal and Error—*Verdicts—Evidence to Support.*—When a case has been fairly submitted to the jury upon evidence sufficient to sustain their verdict, their conclusion should not be disturbed unless plainly against the weight of the evidence.

Error to a judgment of the Circuit Court of Montgomery county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Jordan & Roop* and *Hunter J. Phlegar*, for the plaintiff in error.

*Welborn & Jamison*, for the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought by J. W. Parrish to recover of the Norfolk and Western Railway Company damages for an injury alleged to have been negligently inflicted by the defendant while the plaintiff was upon its premises at Christiansburg. The trial resulted in a verdict and judgment for $2,000 in favor of the plaintiff, to which this writ of error was awarded.

Viewed from the standpoint of a demurrer to the evidence, the salient facts are, that the plaintiff, who, at the time of the accident was twenty years of age, was upon the defendant's premises, in pursuance of a previous engagement to meet a man, who was coming from West Virginia on defendant's train No. 30, with the purpose of proceeding with him on the same train to Roanoke, and thence to North Carolina where they had a business deal in view. The plaintiff was waiting for the train in a hotel situated about twenty-five feet from the railroad track. Extending from the hotel porch to the north rail of the west-bound track, a distance of 24.2 feet, is a wooden walkway, about four feet wide, which is entirely on the defendant's premises, and has been there for a number of years as the recognized, customary passageway provided for the use of persons going from the hotel and stores on the north side to the station on the south side, which use was well known to the defendant company and fully recognized and acquiesced in by it. When train No. 30 came in from the west, the plaintiff started at

once for the station platform, which was between the west-bound and east-bound tracks. He walked over the wooden walkway a little faster than usual, until he got within four or five feet of the west-bound track, when he stopped and looked and listened to ascertain if anything was approaching on the west-bound track. Neither seeing nor hearing anything, he continued on briskly across the track. It was a cloudy, dark night and when he reached the south rail of the west-bound track he was struck by a pusher engine, which was drifting noiselessly backward and down grade from the east, knocked down and dragged along the track for a short distance, with the result that his left foot was injured, about half of it having it be amputated.

The tank on this pusher engine was a large one, holding 9,000 gallons, and as high as the engineer's position on the engine. No warning was given of the approach of the engine, and no light of any kind was visible on the forward end. The plaintiff was in a position to have seen a light on the tank if there had been one, his view being wholly unobstructed; and also in a position to have heard a bell if one had been rung, or a whistle if it had been blown. The pusher engine, after having struck the plaintiff, passed on without stopping, and without either the engineer or the fireman knowing he had been hurt until the next day, when they were called upon to make a report. Just before they reached the crossing a curtain covering the whole forward end of the engine, and obstructing their view, was dropped by the fireman to protect himself and the engineer from the weather while the engine was backing.

It is clear that under the facts and circumstances of this case the relation of the plaintiff to the defendant company was that of an *invitee* upon its premises and

not, as contended by the defendant, that of a bare licensee, or trespasser. *C. & O. Ry Co.* v. *Mathews*, 114 Va. 173, 76 S. E. 288; *Atchison, Topeka & Santa Fe R. Co.* v. *Cogswell*, 23 Okl. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837; *Same* v. *Jandera*, 24 Okla. 106, 104 Pac. 339, 24 L. R. A. (N. S.) 535; *Bell* v. *Houston & S. R. Co.*, 132 La. 88, 60 South, 1029, 43 L. R. A. (N. S.) 740.

In the *Cogswell Case, supra*, the plaintiff had gone to the railroad station at night to meet a friend, in pursuance of an arrangement between them, to see him about a pending business deal. The night was dark and as he stepped upon the station platform his foot passed through a hole and he fell and injured his leg. The court held that the defendant owed him the duty of ordinary care, saying: "One who goes with the permission and acquiescence of the owner upon the premises of another, solely for his own pleasure and benefit, goes as a licensee. But one who goes upon the premises of another in a common interest or to a mutual advantage is there under the implied invitation of the owner. . . . It now seems to be the doctrine of the various courts of the Union that one who goes to the premises of a railroad company to meet an incoming passenger, or to accompany a departing passenger, is within this rule and goes upon the premises of the railroad company under an implied invitation of the company."

The defendant insists that the presence of the plaintiff's hat and cigarette box at a point about seventy-two feet west of the board walk shows that the plaintiff was not struck while crossing at the intersection of the wooden walkway with the west-bound track, but at a point some seventy-two feet therefrom, where he was a trespasser and not an invitee. We are of opinion that it by no means follows as a necessary conclusion

43

that because the articles mentioned were not immediately at the point where the plaintiff says he was struck, that, therefore, he was not struck at the regular crossing. A variety of causes may have separated the plaintiff from his hat in such an accident; but apart from this consideration the circumstances relied on as evidence that the plaintiff was not struck at the regular crossing are in direct conflict with the plaintiff's positive statement that he was injured while crossing from the board walk, and with the testimony of witness for the plaintiff who saw a man on the board walk about the time of the accident. The finding of the jury upon this conflict of evidence is conclusive, and renders further discussion of the subject useless.

Objection is taken by the defendant company to the action of the court in the matter of giving and refusing instructions. Special attention is directed to the action of the court in giving for the plaintiff his instruction No. 4 and in refusing instruction No. 6 asked for by the defendant.

As to instruction No. 4 given for the plaintiff, it is contended that it assumes that the plaintiff was going over the customary way from the hotel to the station; that he was walking around train No. 30 which lay across the passageway; that the instruction ignores the fact that the crossing was blocked at the time; and that it puts the plaintiff in the category of an invitee. These objections to the instruction under consideration are not substantial. The testimony of the pla is that he was going over the regular passageway when he was struck. This evidence is not assumed in the instruction, but is left to the determination of the jury. It is true that the instruction is based upon the theory that the plaintiff was an invitee, and as already seen, f the jury believed his testimony he was an invitee.

He was entitled to have this theory presented to the jury. The theory of the defendant that he was a bare licensee or trespasser was also presented to the jury by the defendant's instructions. It is true that plaintiff says he was going around the rear of train No. 30, manifestly meaning that it was his purpose to do so when he reached it; but his positive evidence is that he came right down the board walk and had, he supposed, gotten as far as the south rail of the west-bound track when the engine knocked him down, and on cross-examination he positively denied that he got off the walkway and went diagonally across. The fact that train No. 30 was standing on the east-bound track, obstructing the crossing over that track, did not in any way affect the plaintiff's right to use the crossing over the west-bound track. The wide brick station platform, to which plaintiff was going was between the west-bound and east-bound tracks, and the crossing from the hotel to this platform, over the west-bound track, was not blocked. It was this crossing that the plaintiff was using when injured before he had reached the station platform between the two tracks, and his rights while crossing to the platform could not be affected by the fact that the crossing on the other side of the platform was obstructed. This instruction was clearly not prejudicial to the rights of the defendant.

We are of opinion that instruction No. 6, asked for by the company, was properly refused. It assumes that the place at which the plaintiff crossed the track was not a public crossing, whereas the uncontradicted evidence is that it was a public crossing, used as such for years by pedestrians going from the hotel, stores and other buildings on the north side of the tracks to the station on the south side. An instruction must not assume facts which are for the jury to find, and should

not be given unless there is evidence upon which to base it. The instruction is further objectionable in that it tells the jury that if they believe from the evidence that the plaintiff could have seen the engine with which he collided by looking, and so have avoided the collision, that the presumption was that he did not look, or if he did look that he did not heed what he saw, and that the burden was upon the plaintiff to show that he did look and listen, and did not see the approaching engine. There are no circumstances in this case sufficient to raise the presumtion mentioned for or against either the plaintiff or defendant. It is true, as it turned out, that the engine was near the crossing when the plaintiff was going over it, but it was a dark, drizzly night, about ten o'clock; the engine was drifting backwards from the east with no light displayed in front, no whistle blown and no bell rung, quietly creeping upon the crossing with a curtain drawn across the view of the engineer and fireman; nor was there sufficient light from any other part of the premises to relieve the darkness with which this engine was enveloped. There could, under such circumstances, have been no presumption that the plaintiff did not look or did not heed what he saw, in the face of his positive statement that he did both look and listen and neither saw nor heard anything, which evidence was corroborated by another witness who was in the same line of vision with the plaintiff and says that he looked and listened and saw and heard nothing. The intimation, therefore, from this instruction that the plaintiff did not look and listen was improper. The question whether or not he did what, under the facts and circumstances which the evidence tended to prove, was reasonable to be expected of him, was for the jury to determine, without any expression or inti-

mation from the court as to what weight was to be given to the evidence. *Southern Ry. Co.* v. *Hansbrough's Admx.*, 107 Va. 733, 60 S. E. 58.

It would serve no good purpose to consider in detail other instructions included in the general objection taken by the defendant to the action of the court with respect to all of the instructions. It must suffice to say that the action of the court in the matter of giving and refusing instructions has been carefully considered, and that no error has been found in such action prejudicial to the rights of the defendant company.

The case has been fairly submitted to the jury upon evidence sufficient to sustain their verdict, and their conclusion in such a case should not be disturbed unless plainly against the weight of evidence.

The judgment complained of must be affirmed.

*Affirmed.*