Statement.

## Richmond.

## BAYLOR V. HOOVER.

### November 14, 1918.

1. INSTRUCTIONS — *Directing Verdict.*—A peremptory instruction granted by the court on request of plaintiff, directing a verdict for plaintiff, which entirely ignores defendant's theory of the case, and omits all evidence tending to sustain it, is in contravention of the settled doctrine that an instruction that in substance directs a verdict must cover every phase of the case that is supported by evidence.

2. INSTRUCTIONS—*Conflicting Theories—Failure to Present One of the Theories.*—Where, as in the instant case, the evidence presents conflicting theories of a case, each party is entitled to an instruction submitting his theory to the jury.. An instruction covering only one of such theories gives undue emphasis to that theory, and does not fairly submit the case to the jury, and for that reason is erroneous. In the case at bar the court granted plaintiff's instruction directing a verdict for him and refused an instruction requested by defendant submitting his opposing theory of the case. The evidence vouched in support of it proved, or tended to prove, the correctness of that theory. *Held:* That, the court erred in rejecting the instruction.

Error to a judgment of the Corporation Court of city of Staunton in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Jos. A. Glasgow,* for the plaintiff in error.

*Timberlake & Nelson,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This motion was brought by J. Earl Hoover, a real estate agent (who will be referred to as plaintiff) against plaintiff in error, J. Frank Baylor (styled defendant), to recover $700, with interest, subject to a credit of $50, alleged to be due and owing by defendant to plaintiff as commissions for negotiating a sale of his farm. Issue was joined upon a plea of non-assumpsit, and the jury having found a verdict for plaintiff, the court rendered the judgment under review in his favor.

Defendant listed his farm for sale with plaintiff at a named price, "and, if sold," agreed to pay him a commission of five per cent. "on the total amount of the sale." In point of fact the farm was never sold, though the evidence shows defendant did all in his power to consummate the sale that plaintiff undertook to negotiate. On the part of plaintiff there was evidence that tended to prove that he produced a prospective purchaser, Charles T. Carson, to examine the farm, and introduced him to defendant; and that thereupon defendant entered into negotiation with Carson for the sale of the farm, which culminated in the signing of the written contract of January 3, 1916, Carson signing for himself and attaching the name of his wife to the instrument, she not being present but at her home in West Virginia at the time. These excerpts from the evidence formed the basis of a peremptory instruction granted by the court on request of plaintiff, directing a verdict for plaintiff if the jury should believe from the evidence that the above recited incidents were true.

This ruling of the court constitutes fundamental error. The instruction entirely ignores defendant's theory of the case, and omits all evidence tending to sustain it, in contravention of the settled doctrine that an instruction that in substance directs a verdict must cover every phase of

the case that is supported by evidence. That principle has been held by this court in numerous instances. *Sun Life Assurance Co.* v. *Bailey,* 101 Va. 444, 44 S. E. 692; *Pocahontas Col. Co.* v. *Hairston,* 117 Va. 118, 124, 83 S. E. 1041; *Atlantic Coast Line R. Co.* v. *Newton,* 118 Va. 222, 227, 87 S. E. 618; *Ratcliffe* v. *McDonald,* 123 Va., *post,* 97 S. E. 307, decided at the present term.

It is also well settled that where, as in this instance, the evidence presents conflicting theories of a case, each party is entitled to an instruction submitting his theory to the jury. An instruction covering only one of such theories gives undue emphasis to that theory, and does not fairly submit the case to the jury, and for that reason is erroneous. *Va. Ry. & P. Co.* v. *McDemmick,* 117 Va. 862, 868, 86 S. E. 744; *Hurley* v. *Shortridge,* 118 Va. 136, 86 S. E. 858; *Washington & O. D. Ry.* v. *Ward,* 119 Va. 334, 89 S. E. 140; *N. & W. Ry. Co.* v. *Parrish,* 119 Va. 670, 89 S. E. 923.

The court denied defendant's request for seven instructions, and only gave the instruction for plaintiff referred to above. Defendant's instruction No. 1 submitted his opposing theory of the case, and the evidence vouched in support of it proved, or tended to prove, the correctness of that theory. Therefore, upon the authorities cited, the court erred in rejecting the instruction.

For these errors we are of opinion that the verdict of the jury should be set aside, the judgment reversed, and the cause remanded for a new trial to be had not in conflict with the views stated in this opinion.

We have thought it best not to pass on the minor instructions requested by defendant and rejected by the court, at this time, leaving the parties free at the next trial to request such instructions as they may be advised are proper in the case as then presented.

*Reversed.*