STANDARD DISTILLING & DISTRIBUTING COMPANY ET AL. V. HENRY HARRIS.

FILED JANUARY 3, 1906.    No. 14,054.

1. **Instructions.** An instruction which sets out a state of facts, and authorizes a verdict for one of the parties upon a finding of such facts, is erroneous, unless it includes every fact necessary to sustain a verdict in favor of such party, unless the omitted facts are conclusively established.

2. ———. Where such instruction is complete in itself, the error therein is not cured by the giving of other instructions which correctly state the law or the facts essential to a recovery by such party.

3. **Master and Servant: UNSAFE APPLIANCES.** The mere fact that a chain, upon which the plaintiff and other workmen were pulling, broke while being used for the purpose for which it was furnished, and had broken and been repaired on former occasions while being thus used, is not of itself sufficient to show conclusively that it was not reasonably adapted to, and safe for, the purpose for which it was furnished.

4. ———: USE OF APPLIANCES. Ordinarily, it is the duty of an employer to see that the tools and appliances which he furnishes his employees are reasonably fit and safe for the use for which they are furnished, but this does not relieve the employee from

the exercise of his own judgment in the use thereof, and if he puts them to a use for which they are not designed or furnished, or subjects them to a strain beyond their capacity to bear, and is injured in consequence, the employer, in the absence of special circumstances, is not liable.

ERROR to the district court for Douglas county: EDMUND M. BARTLETT, JUDGE.   *Reversed.*

*I. R. Andrews, George B. Lake, H. C. Brome* and *John C. Cowin,* for plaintiffs in error.

*N. C. Pratt* and *Wright & Stout, contra.*

ALBERT, C.

This is a proceeding in error, brought to reverse a judgment rendered in favor of the plaintiff in the district court for damages resulting from personal injuries alleged to have been sustained by him, while in the employ of the defendants, by reason of a defective chain which the defendants negligently furnished or supplied to be used by the plaintiff and other employees in the course of their employment.   The charge of negligence is denied by the answers.

The defendant corporation owns and operates a distillery plant in Omaha; the other defendant, at the time of the injury complained of, was the general manager and in control of its business, and the plaintiff was in its employ.   At that time the plant proper was not in operation. All of the employees were temporarily discharged, excepting the plaintiff and another man, who were retained about the plant during the temporary suspension.   At the same time, certain wells were being put down for the defendant corporation for use in connection with its plant. This work had been let by contract to another corporation, and was being prosecuted under the supervision of a foreman employed by the latter company.   The wells were being sunk by the process commonly known as sand pumping, which is done by means of pipe and a sand bucket.

34

According to the plaintiff's testimony, which is flatly contradicted by that of the defendant Iler, after the plant had been shut down, the defendant Iler, acting for the defendant corporation, said to the plaintiff: "I do not want you nor the night man to lay off. I want you to look after the plant generally during the shut down. They are putting in new pipe down at the river (referring to the wells) and I want you to go down and keep track of that and help those men out." Some days afterwards the plaintiff was passing where the men were at work on the wells. The sand bucket had stuck in the piping, and the men employed on the wells were attempting to get it out by means of a rope and pulleys. They were unable to raise the bucket, and called to the plaintiff to come and give them a "lift." It does not appear that the request came from the foreman in charge of the work, but from the men themselves. He at once responded, took hold of the rope, and begun to pull with the rest of the men. One of the chains, to which the tackle was attached, gave way, and, in consequence, plaintiff was thrown to the ground and thereby received serious injuries. The only evidence in the record supporting the charge that the chain was defective is that it broke at the time of the accident, and that it and other chains used for the same purpose at the work on the wells had broken and been repaired on several former occasions.

One of the instructions given by the court is as follows: "You are further instructed that if you find from a preponderance of the evidence in this case that Peter E. Iler, one of the defendants, directed the plaintiff to assist in handling certain water pipes and sand bucket at the plant of the above named defendant, and ordered said plaintiff to do whatever was necessary to assist them in handling said water pipe and sand bucket, and that it was necessary to so assist the said employees, and that plaintiff, in compliance with the directions of said Peter E. Iler, defendant, proceeded to and did assist in handling said water pipe and sand bucket, and that, in pursuance of and in com-

pliance with such directions, he received the injuries complained of in the petition, then your verdict will be for the plaintiff." The instruction is complete in itself. It sets out a state of facts, and authorizes a verdict for the plaintiff upon a finding of those facts. An instruction thus framed is clearly erroneous, unless it includes every fact, not conclusively established, necessary to sustain a verdict for the plaintiff. *Globe Oil Co. v. Powell*, 56 Neb. 463; *Cortelyou v. McCarthy*, 37 Neb. 742, s. c. 53 Neb. 479. Negligence is the gist of plaintiff's action, and one of the principal issues presented by the pleadings, but the instruction in question wholly ignores that issue. Neither can it be fairly claimed that negligence on the part of the defendants is conclusively established by the evidence. As before stated, the only evidence tending to show negligence is that the chain broke, and, in consequence, the plaintiff was thrown to the ground and injured, and that the chain had been broken and repaired on several former occasions. Assuming that, at the time of the accident, the plaintiff was acting within the scope of his contract of service with the defendants, or under their directions, the evidence falls far short of showing conclusively that the defendants were negligent, or lacking in due care for the safety of their employees. The mere fact that the chain broke, and had broken on former occasions, does not conclusively prove that it was not reasonably fit or safe for the purpose for which it was furnished to the workmen, but merely that it was too weak to stand the strain which they put upon it. It is obvious that, however fit and safe it might have been for the work, it might have been subjected to a strain that would break it. While it is the duty, ordinarily, of an employer to see that the tools and appliances which he furnishes his employes are reasonably safe, the employees are not relieved from the exercise of their own judgment in the use of such tools and appliances; and when they put such tools and appliances to a use for which they are not intended, or subject them to a strain beyond their capacity to bear, and are injured

in consequence, ordinarily, no liability attaches to the employer. A different question would arise, had the plaintiff responded to a command from some one having authority to command his services, to perform a service that had to be performed at once, if at all, and without opportunity for deliberation. See *Chicago, R. I. & P. R. Co. v. McCarty,* 49 Neb. 475. But that is not this case. The plaintiff responded to a proper call for assistance but there was no emergency calling for blind and unreasoning obedience, even were it his duty to obey, but the service admitted of all the time reasonably necessary for deliberation and inspection. Under such circumstances it was for the plaintiff and his fellow workmen to determine whether the chain would stand the additional strain put upon it by the plaintiff's assistance. Assuming, but not deciding, that the evidence would have warranted a finding of negligence, it will not be claimed that it is of such a character that negligence is the only reasonable inference therefrom. On the contrary, the most favorable view the plaintiff can claim for it is that it would have warranted a finding either way. That being true, the instruction, the practical effect of which is to direct a finding against the defendants on the question of negligence, is clearly erroneous, and, as it is complete in itself and undertakes to state all the facts essential to a recovery by the plaintiff, the error is not cured by any other portion of the charge. *Knapp v. Chicago, K. & N. R. Co.,* 57 Neb. 195; *Missouri P. R. Co. v. Fox,* 56 Neb. 746; *Sweenie v. State,* 59 Neb. 269; *Burlingim v. Baders,* 45 Neb. 673.

The plaintiff insists that the defendants cannot be heard to complain of the omission of the question of negligence from said instruction, because they asked the court to give certain instructions from which that element was also lacking. In support of this claim our attention is directed to two instructions tendered by the defendants. The first merely instructs the jury that the plaintiff cannot recover, unless he has established certain facts by a preponderance of the evidence. That is a very different mat-

ter from instructing the jury that he would be entitled to recover, in case he had established such facts by a preponderance of the evidence, as the jury were instructed by that portion of the charge which we have just considered. The other instruction tendered merely instructs the jury to find for the defendants in case they found certain facts, or failed to find certain facts. Like the former, it does not undertake, as was undertaken by the instruction given by the court, to state all the facts essential to a recovery on the part of the plaintiff; and neither of the instructions tendered estops the defendants from alleging error in the instruction given by the court on its own motion.

It is insisted that the verdict is not sustained by sufficient evidence, but, as we think the case must be remanded for a new trial, it would be unprofitable to go into that question at greater length.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.