[No. 32437. Department Two. July 8, 1953.]

RAYMOND OTERO *et al.*, *Appellants*, v. ARNOLD UNDI *et al.*, *Respondents.*[1]

*Miracle, Treadwell & Pruzan,* for appellants.

*Martin & Shorts* and *Daniel C. Blom,* for respondents.

HAMLEY, J.—Raymond Otero and Florentino Salud sustained personal injuries when they were struck by an automobile driven by Arnold Undi. They instituted this suit against Undi and his wife to recover damages, combining in one complaint their respective causes of action. The case was tried to a jury, which returned a verdict for defendants. Alternative motions for judgment n.o.v or a new trial were made and denied. Judgment was entered for defendants, and plaintiffs appeal.

The accident occurred in the city of Seattle, on December 5, 1951. Appellants alighted from a city bus at Tenth avenue south and Dearborn street, shortly after one o'clock a. m., on that day. Tenth avenue south is an arterial street sixty feet wide, with a twenty-foot center strip of blacktop.

[1]Reported in 259 P. (2d) 380.

No permanent sidewalk had been installed. There was a path along the west side of Tenth avenue south. This path was not maintained by the city as a sidewalk, and was not used by residents of the area during the winter months.

After alighting from the bus, appellants walked south on the easterly side of the blacktop. As they were so proceeding, an automobile, driven by one Walter R. Johnson, entered Tenth avenue south from Dearborn street, which was then to appellants' rear. This vehicle proceeded south on the west side of the blacktop. Respondents' car then entered Tenth avenue south, also from Dearborn street, and likewise proceeded south. Respondent Undi turned his car to the left of the center line in order to pass the forward vehicle. Before this could be accomplished, Undi's automobile struck appellants, causing the injuries in question.

The testimony is in dispute as to whether appellants had stepped off the blacktop onto the east shoulder prior to being struck. There is no evidence indicating that any traffic was approaching from the opposite direction, *i. e.*, the south.

Appellants' three assignments of error present but one question: Did the trial court commit prejudicial error in giving the last paragraph of instruction No. 12? That instruction reads as follows:

"You are instructed that, under the provisions of the traffic code of the City of Seattle, a sidewalk is defined as follows: 'Section 11 (66)—That property between the curb lines or the lateral lines of a roadway, as herein defined, and the adjacent property, set aside and intended for the use of pedestrians, or such portion of private property parallel and in proximity to a public highway and dedicated to use by pedestrians.'

"You are further instructed that, under the provisions of said traffic code:

" 'Pedestrians shall not step into that portion of the street open to moving traffic at any point between intersections . . . or between adjacent intersections on streets protected by stop signs, except at marked crosswalks or other places specially provided.' "

Appellants advance two reasons in support of their position. One of these is that the second paragraph of this

instruction is inconsistent with instruction No. 10, which quotes certain provisions of the state law. The third paragraph of these provisions quoted in instruction No. 10 (RCW 46.60.290, Rem. Rev. Stat., Vol. 7A, § 6360-101) reads as follows:

" 'Pedestrians on a public highway where a sidewalk is provided shall proceed upon such sidewalk. Pedestrians on a public highway where no sidewalk is provided shall proceed on the extreme left-hand side of the roadway and upon meeting an oncoming vehicle shall step to their left and clear of the roadway.' "

The second paragraph of instruction No. 12 thus appears to deny pedestrians the right, which instruction No. 10 says they have in the absence of oncoming traffic, to proceed on the extreme left-hand side of the roadway of streets not provided with sidewalks.

Respondents argue, however, that the second paragraph of instruction No. 12 is not inconsistent with the indicated portion of instruction No. 10, for the latter applies where *no* sidewalk is provided, while No. 12 applies only where a sidewalk *is* provided.

On its face, the questioned part of instruction No. 12 is not limited to streets where sidewalks are provided. The reference is to a "street open to moving traffic," and to "streets protected by stop signs." The term "sidewalk" is not used.

Respondents point to the first paragraph of instruction No. 12, which defines the term "sidewalk." There is nothing to indicate, however, that such definition was intended to limit the scope of the second paragraph. The two paragraphs, though contained in the same instruction, have no apparent relation to each other except that they set out separate provisions of the Seattle traffic code. The only purpose which would be apparent to the jury in giving the definition of "sidewalk" was to enable the jury to apply instruction No. 10, which alone (of these two instructions) used the term "sidewalk."

Respondents argue further that the phrase "or other places specially provided," as used in the questioned part of

instruction No. 12, should be read forward to include "the extreme left-hand side of the roadway," as used in instruction No. 10. Respondents point out that if this is done, then the two instructions cannot be regarded as contradictory.

This is an alternative argument on behalf of respondents, for it is inconsistent with their first argument that the second paragraph of instruction No. 12 applies only where a sidewalk is provided. Under instruction No. 10, the words "on the extreme left-hand side of the roadway" apply only "where *no* sidewalk is provided." (Italics ours.) Hence, those words could not be drawn into the second paragraph of instruction No. 12, as respondents now suggest, unless the latter paragraph is construed as applying to all streets.

In our opinion, it would require a most strained construction to say that the extreme left-hand side of the roadway of a street not paralleled by sidewalks is a place "specially provided" for pedestrians. This becomes evident when those words are read in context with the immediately preceding words, thus: "except at marked crosswalks or other places specially provided." The "places" being referred to are plainly those which are provided for the particular use of pedestrians. Needless to say, the extreme left-hand side of the roadway of a street not provided with sidewalks is not a place provided for the particular use of pedestrians.

In any event, we do not believe that an apparent contradiction between two instructions, as we have here, can be cured by any such ingenious and intricate methods of interpretation. Regardless of the validity of respondents' suggestion from the standpoint of logic, it is entirely unlikely that the jury would or did discover this way of reconciling the two instructions.

■ It is therefore our conclusion that the instructions in question are inconsistent and contradictory, and that the error in giving the second paragraph of instruction No. 12 was prejudicial. See *Baker v. Rosaia,* 165 Wash. 532, 5 P. (2d) 1019; *Hart v. Clapp,* 185 Wash. 362, 54 P. (2d) 1012; *Warren v. Hynes,* 4 Wn. (2d) 128, 102 P. (2d) 691.

The judgment is reversed and the cause remanded, with directions to grant appellants a new trial.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.