[No. 32861.   *En Banc.*   January 8, 1955.]

LAURA LEE DONNER, *Respondent*, v. AMELIA HAIGHT
DONNER, *Appellant*.[1]

*R. Max Etter* and *Ellsworth I. Connelly*, for appellant.

*Del Cary Smith, Dennis H. Pottratz*, and *Del Cary Smith, Jr.*, for respondent.

[1]Reported in 278 P. (2d) 780.

HAMLEY, J.—In this action for alienation of affection, judgment in the amount of seventy-five hundred dollars was entered for plaintiff on a jury verdict. Defendant appeals.

One of appellant's affirmative defenses was that appellant had paid respondent the sum of fifteen hundred dollars in full compromise settlement of this cause of action. Respondent admitted that she had received the sum of fifteen hundred dollars and had signed a receipt and release. She contended, however, that the release was obtained from her under duress.

Appellant argues, under her first assignment of error, that the evidence was insufficient to make a question for the jury as to whether the release was procured by duress. Accordingly, it is argued, the trial court should have directed a verdict for appellant, or granted her motion for judgment n. o. v.

Respondent married James E. Donner in July, 1942. They had three children. In 1949, they met Omar and Amelia Haight (now Amelia Haight Donner). Noticing a growing attachment between her husband and Mrs. Haight, respondent instituted a divorce action against him on September 5, 1951. On the following day, she signed the complaint in the instant action. It was filed on September 17, 1952.

On January 17, 1952, respondent was granted a divorce from Donner, together with custody of the children. In July, 1952, Donner married appellant. Respondent sold her home and went to Texas, but returned in August, 1952.

Respondent testified as follows: On February 12, 1953, she found herself confronted with a raise in rent upon her living quarters, from forty-five dollars to ninety dollars a month. She had no money to pay the increased rent and no money with which to move. The next morning, she called Donner and informed him that she had to move and needed money. He came to her apartment and gave her four dollars, informing her that five dollars was all the money he had. Donner returned the same afternoon with fifteen hundred dollars in bundles of five hundred dollars which he showed

respondent, stating: "It will buy a lot of food for the kids. and the kids will have a place to live." He told her that, if she would sign the release and leave for Texas, she could have the fifteen hundred dollars; that otherwise he would leave the state and give her nothing. Donner also told respondent to stay away from her lawyer and not to talk to anyone. Respondent, being "desperate," signed the release without reading it, and accepted the fifteen hundred dollars.

■■ There was much conflicting testimony, and the burden was upon respondent to prove duress by clear and convincing evidence. *Pierce v. Seattle Electric Co.,* 78 Wash. 167, 138 Pac. 666. However, the fact that respondent was chargeable with a higher degree of proof as to this issue does not mean that the trial court, in determining the sufficiency of the evidence, is to pass upon the credibility of the witnesses. If respondent's testimony, assuming it to be true, is substantial and well calculated to prove the allegation, then it is sufficient to take the question to the jury, regardless of the conflicting testimony of other witnesses. *Myers v. Weyerhaeuser,* 197 Wash. 407, 85 P. (2d) 1091.

Referring to Donner's threat to leave the jurisdiction, appellant contends that respondent knew, or should have known, from her former litigation that she could enforce her judgment for child support in a foreign jurisdiction. The jury had the right to believe, however, that respondent's real fear was that her former husband would leave the state for parts unknown, so that she could not find him for any purpose.

The trial court did not err in determining that the evidence was sufficient to take the question of duress to the jury.

The third assignment of error brings into question instruction No. 5, given by the trial court. Appellant argues that this is a formula instruction which purports to set out all of the questions which the jury was required to take into consideration in determining what verdict should be entered. Since this formula instruction makes no specific reference to appellant's defense of compromise settlement,

and fails to direct the jury's attention to instruction No. 10, which does deal with that defense, appellant contends that the giving of instruction No. 5 constituted prejudicial error.

Instruction No. 5 reads as follows:

*"The questions for the jury to determine in this case under the statement of the issues and the law as given to you in these instructions,* and from all the facts and circumstances shown by the evidence are:

"1. Were the plaintiff, Laura Lee Donner, and James E. Donner husband and wife from July 11th, 1942, until January 17th, 1952?

"2. If so, were the affections of James E. Donner for the plaintiff, Laura Lee Donner, alienated from her during that period?

"3. If there was such alienation of affections, were the acts and conduct of the defendant, Amelia Haight, the procuring or controlling cause thereof?

"4. Were the acts and conduct of the defendant, Amelia Haight, so inherently wrong and seductive in their nature that such alienation resulted therefrom?

"5. What pecuniary loss, if any, the plaintiff, Laura Lee Donner, has sustained in consequence of such alienation, if any?

"If you find by a preponderance of the evidence that the affections of James E. Donner for the plaintiff, Laura Lee Donner, were alienated from her by an act or conduct of the defendant, Amelia Haight, while he was the husband of the plaintiff, and that such acts or conduct were the procuring or controlling cause of such alienation, and that such acts or conduct were so inherently wrong or seductive in their nature that such alienation resulted therefrom, *then, the plaintiff is entitled to recover from the defendant* and you should proceed to determine the amount of damage, if any, she has sustained thereby.

"On the other hand, if you find from the evidence that the affections of James E. Donner for the plaintiff, Laura Lee Donner, were not alienated from her by the acts and conduct of the defendant, or that the acts and conduct of the defendant were not the procuring or controlling cause of such alienation, if any, or that such acts or conduct were not so inherently wrong or seductive in their nature that such alienation, if any, resulted therefrom, then, the plaintiff is not entitled to recover from the defendant and your verdict should be for the defendant." (Italics ours.)

It will be observed that this instruction purports to summarize all of the issues of the case. The italicized words at the beginning state, in effect, that all of the questions before the jury are summarized in this instruction. Then follows an itemization of the issues presented by the complaint, followed by the statement that, if these issues are resolved in favor of respondent, she "is entitled to recover from the defendant." The instruction closes with a paragraph purporting to set out all of the defenses presented by appellant, and tells the jury that, if it finds for appellant as to any of these issues, "your verdict should be for the defendant." Accordingly, this is a true formula instruction.

Appellant is correct in stating that this instruction makes no reference to her principal defense—a compromise settlement—and fails to direct attention to instruction No. 10, in which that defense is adequately discussed. Nor does instruction No. 5, even in general terms, invite attention to other instructions bearing upon the issues of the case. On the contrary, the opening words plainly tell the jury that instruction No. 5 summarizes all of the issues of the case, "as given to you in these instructions."

■ The general rule appears to be that it is prejudicial error to give an instruction which purports to contain all of the elements necessary for a verdict for either party, but which neither includes all of such elements nor refers to other instructions which do. Such a defect in a formula instruction is not cured by the giving of other instructions which deal with the omitted elements. See *Melton v. United Retail Merchants,* 24 Wn. (2d) 145, 163 P. (2d) 619; *Baylor v. Hoover,* 123 Va. 659, 97 S. E. 309; *Standard Distilling & Distributing Co. v. Harris,* 75 Neb. 480, 106 N. W. 582; *Shaver v. Consolidated Coal Co.,* 108 W. Va. 365, 151 S. E. 326; *Missouri Pac. R. Co. v. Burks,* 196 Ark. 1104, 121 S. W. (2nd) 65; *Moore v. Turner* (W. Va.), 71 S. E. (2d) 342; *Davis v. Self,* 220 Ark. 129, 246 S. W. (2d) 426; 2 Bancroft's Code Practice and Remedies (1927) 1949, 1967, §§ 1478, 1496; Reid's Branson Instructions to Juries (3d ed.) 354, § 123.

In California and Connecticut, the giving of a defective formula instruction is held not to be prejudicial where other instructions fairly and fully cover the omitted elements, and where, from a reading of the instructions as a whole, it is obvious that the jury was not misled. See *Dawson v. Boyd,* 61 Cal. App. (2d) 471, 143 P. (2d) 373; *Bee v. Tungstar Corp.,* 65 Cal. App. (2d) 729, 151 P. (2d) 537; *Roth v. Chatlos,* 97 Conn. 282, 116 Atl. 332, 22 A.L.R. 1554. An early Washington decision, *Pronger v. Old Nat. Bank,* 20 Wash. 618, 56 Pac. 391, in effect, expresses the same view.

Without referring to the *Pronger* case, this court, in *Melton v. United Retail Merchants, supra,* expressed a preference for the general rule. In that case, which involved an action on contract, the trial court gave the following instruction No. 4:

" 'Before plaintiff is entitled to recover in this action on the alleged written contract, Plaintiff's Exhibit No. 1, he has the burden of establishing by a preponderance of the evidence;

" '1. That said contract was executed by said E. H. Roeders;

" '2. That said E. H. Roeders had actual or apparent authority to act for and bind said defendant as its agent with reference to the subject-matter of said contract;

" '3. That he was discharged, or that defendant by its acts rendered it impossible for him to further continue as truck manager for defendant.

" 'If plaintiff has established the foregoing propositions by a preponderance of the evidence, then your verdict must be for him in the sum of $37,129.74.' " (p. 153)

The court, without referring to instruction No. 4 in any way, also gave instruction No. 11, which advised the jury of the defense of illegality, and told them:

" ' . . . Therefore, if you find from such preponderance of evidence that any part of plaintiff's claims against defendant grew out of such illegal agreement, your verdict should be for the defendant as to such illegal parts, if any, of plaintiff's claims.' " (p. 154)

This court criticized these two instructions in the following words:

"It is readily apparent that instructions Nos. 4 and 11 are in head-on and irreconcilable conflict. In instruction No. 4, the jury was categorically told that, if the plaintiff 'has established' (1) that the contract sued upon was executed by Roeders; (2) that he had authority to bind the defendant; and (3) that plaintiff was discharged, or that defendant rendered it impossible for him to perform the contract, 'then your verdict must be for him in the sum of $37,129.74.' The direction is peremptory. There is no expression attached to instruction No. 4, such as: 'Unless you find that the contract was against public policy under rules of law which I will give you in a later instruction,' or anything equivalent thereto.

"By instruction No. 4, the jury was categorically directed to find a verdict for the plaintiff in the specific sum of $37,129.74, if it found that he had established the three propositions therein set out. Under instruction No. 11, it could deny him any recovery whatever, even if it found that he had established those three propositions." (p.155)

It may be that the above-quoted language should be regarded as *dictum,* since the defendant prevailed in the trial court and instruction No. 11 was found to be also erroneous on other grounds. Yet Judge Robinson's pronouncement, quoted above, which adopted the general rule as to formula instructions, appeals to us as a correct analysis of the error inherent in the instructions given in the *Melton* case and in this case.

■ This court does not hesitate to reverse and remand where the instructions are inconsistent and contradictory. *Cantrill v. American Mail Line,* 42 Wn. (2d) 590, 257 P. (2d) 179. Nor are we easily persuaded that such instructions are not prejudicial. *Otero v. Undi,* 42 Wn. (2d) 856, 259 P. (2d) 380.

Since instruction No. 5 in the instant case purports to summarize all of the issues of the case, but fails to include appellant's defense of compromise settlement, it is an incorrect statement of the law applicable to this case. Since instruction No. 5 tells the jury that, if they find for plaintiff on the issues so summarized, plaintiff is entitled to prevail, but instruction No. 10 tells them defendant may nevertheless prevail, if the jury finds for her on the additional issue of

compromise settlement, the two instructions are in conflict. Appellant took explicit exception to instruction No. 5 on the grounds now under discussion.

▉ Incorrect and inconsistent instructions are rarely cured by giving the stock instruction that all instructions are to be considered as a whole. The jury here may have been misled into believing what the trial judge plainly told them —that respondent was entitled to recover, if she prevailed on the issues summarized in instruction No. 5. The error in giving instruction No. 5 was therefore prejudicial, entitling appellant to a new trial.

Appellant's fourth and fifth assignments of error challenge the action of the trial court in giving and refusing to give certain other instructions. We find no prejudicial error in this regard.

The remaining assignments of error are general in nature or refer to matters which are not likely to recur on the new trial.

The judgment is reversed, and the cause is remanded for a new trial.

SCHWELLENBACH, DONWORTH, FINLEY, WEAVER, and OLSON, JJ., concur.

MALLERY and HILL, JJ., dissent.

GRADY, C. J. (dissenting)—The jurors understood the issues and the instructions of the court. They arrived at a very just and correct result notwithstanding the formula instruction.