[No. 35091.    Department One.    April 14, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. ADA GODDARD, *Appellant*.[1]

[1]Reported in 351 P. (2d) 159.

*R. Max Etter* and *Ellsworth I. Connelly*, for appellant.

*John J. Lally, Frank H. Johnson*, and *Thomas S. Foley*, for respondent.

OTT, J.—Ada Goddard was charged by information with two counts of abortion. From the judgment and sentence imposed upon a verdict of guilty as to both counts, Ada Goddard has appealed.

Appellant assigns error to the court's instruction No. 5, which reads as follows:

"Before you can find the defendant Ada Goddard guilty of the crime of abortion as charged in Count I of the Information, it will be necessary that the State establish by the evidence in this case beyond a reasonable doubt each of the following elements:

"1.   That the defendant, Ada Goddard, in this county and state, on *or about* the 26th day of December 1957, used upon the person of  .  .  .   instruments and other means;

"2.   That this was done by the defendant, Ada Goddard, with the intent to produce thereby the miscarriage of said  .  .  .;

"3.   That said alleged acts were not necessary to preserve her life or that of any child whereof she was pregnant.

"Before you can find the defendant, Ada Goddard, guilty of the crime of abortion as charged in Count II of the Information, it will be necessary that the state establish by the evidence in this case beyond a reasonable doubt each of the following elements:

"1.   That said defendant Ada Goddard in this county and state on or about the 15th day of October 1958, used upon the person of one  .  .  .   instruments and other means;

"2.   That the same was done by the defendant, Ada Goddard, with the intent to produce thereby the miscarriage of said  .  .  .;

"3.   That the said alleged acts were not necessary to preserve the life of said  .  .  .   or that of any child whereof she was pregnant.

"If the State has shown these things as to one or both of said counts in the Information in reference to the defendant, Ada Goddard, beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to said count or

counts against the said defendant. But if the State has failed to prove these elements by the evidence, beyond a reasonable doubt, then it will be your duty to return a verdict of not guilty as to said count or counts on which said required proof has failed." (Italics ours.)

The evidence on behalf of the state, if believed, established that the abortion upon which the first count was based was performed at the appellant's residence at about 10:00 or 10:30 p. m., December 26, 1957. Both of the state's witnesses testified in this regard substantially as follows:

"Q. About what time of the day or night was it on December 26th? A. Well, she had to work that evening, so it was after she had gotten off work, so it was probably about 10:00 or 10:30, somewhere along in there. . . . Q. You couldn't be mistaken as to the time you two went out together on the 26th? A. No, sir. Q. Is there any particular reason that you are so sure of that statement? A. Well, *it was the day after Christmas.* Q. Of what year again? A. 1957." (Italics ours.)

Four defense witnesses testified that Ada Goddard was visiting at her son's home on December 26, 1957, from about 2:00 p. m., until she left for her residence about 11:30 p. m.

Appellant contends that instruction No. 5, as it related to count I, was erroneous in two respects: (1) The words "or about" should not have been included because the defense of alibi had been interposed, and (2) it was a formula instruction and contained no reference to the alibi defense.

At the trial, appellant's exception to the instruction was that

"The defendant excepts likewise to the Court's Instruction No. 5, for the reason that it combines two counts in the Information in such fashion that because of the occurrence involved herein, it permits the jury to speculate with respect to Count 1 based upon the proof of subsequent conduct as indicated in Count 2, and for the further reason it fails to give them all of the elements necessary in a case of this kind for a verdict for the defendant and is thus prejudicial to the defendant, even though it claims or purports to have all of the necessary elements present in such instruction."

(That part of the above exception relating to the two counts being combined in one instruction, which "permits the jury to speculate," is not urged on appeal.)

■ The exception did not indicate to the court that the words "or about" were objectionable. The exception was insufficient to apprise the trial court of the objection now asserted. Therefore, the objection on this ground cannot be considered in our review. Rule of Pleading, Practice and Procedure 10, as amended, effective October 24, 1955 (now Rule of Pleading, Practice and Procedure 51.16W); *State v. Williams,* 49 Wn. (2d) 354, 301 P. (2d) 769 (1956); *State v. Fry,* 39 Wn. (2d) 8, 234 P. (2d) 531 (1951); *State v. Scott,* 20 Wn. (2d) 696, 149 P. (2d) 152 (1944).

■ Although we do not condone the questioned words being used when the defense of alibi is interposed (see *State v. Coffelt,* 33 Wn. (2d) 106, 204 P. (2d) 521 (1949); *State v. Severns,* 13 Wn. (2d) 542, 125 P. (2d) 659 (1942); *State v. King,* 50 Wash. 312, 97 Pac. 247 (1908)), we are satisfied that the jury in this case was not misled by the inclusion of the words in the instruction, because no time other than December 26, 1957, at 10:00 to 10:30 p. m., was suggested by any of the witnesses as a time when the alleged abortion was committed.

■ Appellant relies upon *Donner v. Donner,* 46 Wn. (2d) 130, 278 P. (2d) 780 (1955), to sustain her second contention, namely, that instruction No. 5 was a formula instruction and erroneous because it contained no reference to the defense of alibi.

In the *Donner* case, we held that a formula instruction, which purported to include all of the issues, was erroneous because it failed to include reference to an affirmative defense of compromise settlement, upon which the appellant relied. Had the jury, in the cited case, followed the formula, a verdict could have been returned without consideration of the affirmative defense.

In the instant case, the issue of *when* the offense was committed was included in the first element of the questioned instruction. The time asserted by the state's witnesses was December 26, 1957, between 10:00 and 10:30

p. m. The jury could not have found the appellant guilty of count I under this instruction, had they believed the evidence that the appellant was elsewhere at the exact time the state's witnesses testified the abortion was being performed. The rule of the *Donner* case is, therefore, not applicable here.

Further, the defense of alibi, as it related to count I, was explained in instruction No. 11. The members of the jury were directed to consider the instructions as a whole and, by instruction No. 11, were informed relative to the defense of alibi.

We find no merit in appellant's first assignment of error.

Appellant assigns error to instruction No. 11, making the same contentions relative thereto that were directed to instruction No. 5. For the reasons stated, the court did not err in giving instruction No. 11.

■ Finally, appellant assigns error to the court's ruling which limited the cross-examination of one of the state's witnesses regarding specific acts of immoral conduct between the witness and the prosecuting witness for count II, contending that the excluded testimony would have established "what his relationship has been, to show any interest, bias, motive or prejudice."

The evidence which was admitted established that the witness was married to another woman and resided in Coeur d'Alene, Idaho; that he had known the prosecuting witness intimately for five years, and that, when the prosecuting witness informed him that she was pregnant, he arranged for the abortion, delivered her to the residence of the appellant for that purpose, and paid the entire charge.

When the offer of proof was made, appellant did not indicate to the court in what manner the proof would establish "interest, bias, motive or prejudice." The immoral conduct between the witness being interrogated and the prosecuting witness was shown. The evidence established that the witness was, in fact, an accomplice in the crime, and the jury were so instructed.

The extent of the cross-examination of a witness upon collateral matters which tend to affect the weight to be given

the witness' testimony, rests within the sound discretion of the trial court. *State v. Anderson,* 46 Wn. (2d) 864, 285 P. (2d) 879 (1955); *State v. Linton,* 36 Wn. (2d) 67, 216 P. (2d) 761 (1950).

The court did not abuse its discretion in limiting the cross-examination of the witness.

We find no merit in any of the assignments of error.

The judgment and sentence is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.

June 17, 1960. Petition for rehearing denied.