[No. 36419.  Department One.  March 21, 1963.]

ALVIN SEE, *by his Guardian ad Litem U. See, Appellant,* v.
ROBERT L. WILLETT *et al., Respondents.**

*Wettrick, Toulouse, Lirhus & Hove,* by *Ralph C. Hove,*
for appellant.

*Lycette, Diamond & Sylvester, Martin L. Wolf,* and *Ralph
M. Bremer,* for respondents.

HUNTER, J.—This is an appeal from a judgment entered
upon a jury verdict for the defendants (respondents) in

*Reported in 379 P. (2d) 915.

an action for personal injuries sustained by the plaintiff (appellant) as a result of an automobile collision.

The facts of the instant case may be found in *See v. Willett*, 58 Wn. (2d) 39, 360 P. (2d) 592 (1961), which is an appeal from the same action but involving issues different from that presently before the court.

As designated by his statement of points upon which he relies on this appeal, the plaintiff's sole assignment of error is to the giving of instruction No. 3 by the trial court. Instruction No. 3, to which the plaintiff excepted, is as follows:

"In approaching the issues of fact as they have been presented to you my suggestion is that you determine the non-liability or liability of the parties as follows:

"1. Was the defendant negligent?

"2. Was the plaintiff negligent?

"If you find the defendant negligent and the plaintiff not negligent, then your verdict must be for plaintiff.

"If you find the defendant not negligent, then your verdict must be for defendant.

"If you find both defendant and plaintiff negligent, then your verdict must be for the defendant.

"The law of this state does not allow you to compare the negligence, if any, of the parties and to award compensation on that basis."

The plaintiff contends that this instruction is in the nature of a formula instruction and, as such, lacks the element of proximate cause. He contends that an instruction which purports to lay down a formula by which a verdict may be decided must contain or refer to all the elements which are necessary to reach such a verdict and that the giving of such an instruction which lacks an essential element is prejudicial and reversible error.

We will first determine whether instruction No. 3 is a formula instruction. The qualities of a formula instruction were summarized in *Donner v. Donner*, 46 Wn. (2d) 130, 278 P. (2d) 780 (1955), which stated, in reference to the instruction therein involved:

"It will be observed that this instruction purports to summarize all of the issues of the case. The italicized words

at the beginning state, in effect, that all of the questions before the jury are summarized in this instruction. Then follows an itemization of the issues presented by the complaint, followed by the statement that, if these issues are resolved in favor of respondent, she 'is entitled to recover from the defendant.' The instruction closes with a paragraph purporting to set out all of the defenses presented by appellant, and tells the jury that, if it finds for appellant as to any of these issues, 'your verdict should be for the defendant.' Accordingly, this is a true formula instruction."

■ That the words "my suggestion" were used by the trial court in the first paragraph of its instruction in the instant case does not lead to a conclusion contrary to that of the *Donner* case. The phrase "If you find . . . then your verdict must be . . ." is a mark of a formula instruction. See, *Donner v. Donner, supra; State v. Goddard,* 56 Wn. (2d) 33, 351 P. (2d) 159 (1960); *Melton v. United Retail Merchants,* 24 Wn. (2d) 145, 163 P. (2d) 619 (1945). The words "my suggestion" indicate to the jury those elements which the court considers sufficient to authorize a verdict. We are satisfied instruction No. 3 is a formula instruction as described in the *Donner* case.

■ Was the formula instruction, as given, prejudicial? In the *Donner* case we stated the rule which is controlling in making this determination:

"The general rule appears to be that it is prejudicial error to give an instruction which purports to contain all of the elements necessary for a verdict for either party, but which neither includes all of such elements nor refers to other instructions which do. Such a defect in a formula instruction is not cured by the giving of other instructions which deal with the omitted elements. . . ."

Applying the above rule to the instant case, it is obvious that:

(1) The formula instruction No. 3 does not contain the necessary element of proximate cause;

(2) The instruction does not expressly refer to other instructions which do; and, although it necessarily refers, by implication, to that part of instruction No. 4 which defines the term "negligence," the defect therein is not

cured because the definition of "negligence" does not contain the omitted element; and

(3) The defect is not cured by the giving of other instructions dealing with the omitted element.

█ The defendants argue, however, that the instructions must be read as a whole, as specifically provided by the court's instruction No. 1, and that other instructions deal with the omitted element of proximate cause. These instructions do not cure the defective formula instruction for the reason that a formula instruction purports to be *complete in itself*. As stated further in the *Donner* case, *supra*:

*"Incorrect and inconsistent instructions are rarely cured by giving the stock instruction that all instructions are to be considered as a whole.* The jury here may have been misled into believing what the trial judge plainly told them —that respondent was entitled to recover, if she prevailed on the issues summarized in instruction No. 5. The error in giving instruction No. 5 was therefore prejudicial, entitling appellant to a new trial." (Italics ours.)

Here the trial judge was pursuing the desirable objective of submitting simplified and understandable instructions to the jury, but, in so doing, he ran counter to the *Donner* case rule. As in the *Donner* case, the jury may have been misled into believing that it could follow instruction No. 3 in arriving at a proper verdict. The error in giving this instruction was therefore prejudicial entitling the plaintiff to a new trial.

The judgment is reversed, and the cause is remanded for a new trial. Costs will abide the final adjudication of the cause.

OTT, C. J., FINLEY, ROSELLINI, and HALE, JJ., concur.