[No. 36058. Department Two. April 18, 1963.]

HELEN M. SAGE, as *Administratrix, Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant,* TIME OIL COMPANY *et al., Respondents.*[*]

_____
[*] Reported in 380 P. (2d) 856.

*John J. Kennett* and *John R. Blackburn*, for appellant Sage.

*Dean H. Eastman* and *Robert J. Allerdice*, for appellant Northern Pacific Railway Company.

*Ogden & Ogden* and *James A. Murphy*, for respondents.

HAMILTON, J.—This is a wrongful death action. The plaintiff, as administratrix of the estate of Darwin B. Sage, de-

ceased, brought action against Northern Pacific Railway Company (hereafter referred to as Northern Pacific), Time Oil Company (hereafter referred to as Time Oil), and Roland F. Liggett.

Darwin B. Sage's death resulted from a collision between a tractor-trailer-tanker owned by Time Oil, driven by its employee Liggett, and a 1956 Chevrolet Suburban Carryall, owned by Northern Pacific, driven by its employee John T. Keough, in which Sage, also an employee, was riding. Plaintiff's action against Northern Pacific is brought under the Federal Employees' Liability Act, 45 U.S.C.A. § 51, *et seq.* Her action against the other defendants is governed by the laws of the state of Washington.

Northern Pacific cross-claimed against Time Oil and Liggett for damages to its carryall.

The accident occurred about 7 a.m., December 10, 1958, on a "supered" curve, on U. S. Highway 10 (Snoqualmie Pass) approximately 8 miles east of Easton and 4 miles west of Cle Elum, Washington. The Time Oil tanker, weighing approximately 36 tons, was proceeding easterly toward Cle Elum and started into the supered curve on the high side thereof. The Northern Pacific carryall, the interior of which had been reworked by its driver Keough to accommodate the carriage of tools, equipment, and a spare tire, was traveling westerly toward Easton and entered the supered curve on the lower side. The weather was below freezing, a rain was falling, and the curve was icy and unsanded. Both drivers were familiar with the highway, having traveled it on prior occasions, and each entered the curve at a speed of about 25 to 35 miles an hour. Both vehicles carried chains, but neither driver had mounted them. Both vehicles commenced to slide and a collision occurred, the initial point of contact between the vehicles being the left front of each.

The evidence is somewhat conflicting, as could be expected, upon the surface condition of the highway preceding the curve, when and how each vehicle commenced to slide, the point of impact as related to the center line, the exact position of Sage in the carryall, and the action of

the tools, equipment, and spare tire upon impact, insofar as the effect thereof related to the fatality.

Plaintiff, in essence, charged Northern Pacific with being negligent in operating its carryall at an excessive speed under the conditions existing, failing to mount chains, failing to have the carryall under such control as to meet the emergency created by the sliding tanker, and failure to take protective measures to prevent tools and other equipment from catapulting about the carryall, in the event of sudden stops or collisions.

Time Oil and Liggett were charged by plaintiff and cross-claimant Northern Pacific with negligence consisting, in essence, of failure to mount chains, failure to apply sand on the highway from sanding devices on the tanker, entering the curve at an excessive rate of speed under the conditions, and losing control of the tanker.

The jury returned a verdict against Northern Pacific and for Time Oil and Liggett. Post-trial motions were denied as to Time Oil and Liggett resulting in the entry of judgment of dismissal as to such defendants upon plaintiff's claim and Northern Pacific's cross-claim. Post-trial motions as to defendant Northern Pacific were granted, in that plaintiff was awarded a new trial, as to such defendant, limited to the issue of damages only.

Plaintiff appeals from the action of the trial court in dismissing her action as to Time Oil and Liggett. Northern Pacific appeals from the action of the trial court in denying its motion for new trial against Time Oil and Liggett, and in granting plaintiff's motion for new trial limited to damages only.

The trial consumed more than 2 weeks, the statement of facts embraces 1435 pages, and the briefs 515 pages. Space does not permit a detailed recitation of the evidence, and our discussion of the assignments of error will be correspondingly limited.

We will first consider the appeal of plaintiff and Northern Pacific from the trial court's action in entering judgment of dismissal upon the verdict as to Time Oil and Liggett.

Plaintiff first assigns errors to the trial court's denial of her motions for a directed verdict and judgment notwithstanding the verdict.

■ Our examination of the evidence in the record, in the favorable light required,[1] satisfies us that the trial court did not err. Upon the evidence presented, the minds of reasonable men could well differ upon the issue of whether or not Liggett was guilty of negligence in one or more of the manners alleged.

■ Plaintiff and Northern Pacific assign error to instruction No. 15.[2] Several criticisms are directed to it. Of these the most serious in our view, is (a) omission from the instruction of the effect of Liggett's negligence, if any, and (b) inclusion of the italicized portion of the instruction, which, in effect, advised the jury that Liggett was the judge of his own conduct. Standing by itself, criticism (a) would not of necessity constitute prejudicial error, since this omission was immediately covered in a subsequent instruction. However, because instruction No. 15

[1] *Gregory v. Shannon*, 59 Wn. (2d) 201, 367 P. (2d) 152.

[2] "You are instructed that if you should determine from the evidence that the truck which the defendant Roland F. Liggett was driving came suddenly and unexpectedly upon an unsanded or otherwise unexpectedly slippery pavement which caused said truck to slide and thus created a position of peril and of sudden emergency, then I instruct you that the law does not hold defendants, Roland F. Liggett or Time Oil Company, to responsibility in the same degree for sound judgment and proper action as under other circumstances. The fact that the driver had to act suddenly in an emergency and without opportunity for deliberation is a circumstance to be taken into consideration in determining what is ordinary care in that situation.

"If you find from the evidence that the defendant-driver of the oil truck might have avoided the accident by adopting some other course of action than that pursued by him, he would not be guilty of negligence in that respect provided you find that he exercised ordinary care under the circumstances and conditions then existing. The defendant Liggett's conduct in that regard is not necessarily to be judged by the facts as they now appear to you but *he is entitled to have his acts and conduct considered in the light of the facts as they appeared to him at the time, and if you find that the defendant Liggett with his view of all the circumstances as they were at that time exercised ordinary care*, then the defendants Liggett and Time Oil Company are not guilty of negligence and your verdict should be for those defendants." (Italics ours.)

partakes of the nature of a formula instruction,[3] incorporating, directly, features of the emergency doctrine and, indirectly, features of unavoidable accident, both of which doctrines were separately instructed upon, the omission therefrom of any reference to the effect of Liggett's negligence, if any, or to other instructions bearing thereupon, renders the instruction confusing and misleading. Likewise, criticism (b) erects similar error. The jury, by the italicized portion of the instruction, is told its verdict should be for Time Oil and Liggett if Liggett exercised ordinary care in the light of the circumstances as they appeared to *him*, as opposed to circumstances as the jury, from all the evidence, found them to be, or as they would have appeared to an ordinary prudent man. This is error. Such error was not considered or approved in *Osborne v. Charbneau*, 148 Wash. 359, 268 Pac. 884, 64 A.L.R. 251.

We are satisfied that submission of this instruction in its present form constituted prejudicial error, warranting a new trial upon plaintiff's complaint and Northern Pacific's cross-claim.

Being convinced that a new trial is necessary, we now consider plaintiff's remaining assignments of error, insofar as such may bear upon retrial.

■ Plaintiff assigns error to the refusal of the trial court to order separate trials of her complaint and Northern Pacific's cross-claim. To grant or deny plaintiff's request in this respect was discretionary with the trial court. Rule of Pleading, Practice and Procedure 42(a), RCW Vol. 0, 4 Wash. Pract. (Orland) 272, *et seq*. We find no abuse of discretion.

Plaintiff assigns error to the giving of instructions Nos. 20 and 21 dealing, respectively, with unavoidable accident and the emergency doctrine. The instructions correctly state the law with respect to these subject matters, and, under the evidence in the case, were appropriately given. *Cooper v. Pay-N-Save Drugs, Inc.*, 59 Wn. (2d) 829, 371 P.

---

[3]*See v. Willett*, 61 Wn. (2d) 681, 379 P. (2d) 915, *Donner v. Donner*, 46 Wn. (2d) 130, 278 P. (2d) 780.

(2d) 43, *Sandberg v. Spoelstra,* 46 Wn. (2d) 776, 285 P. (2d) 564.

■ Plaintiff assigns error to the refusal of the trial court to give her proposed instructions Nos. 20 and 23. Our comment is limited to the inclusion therein of the element of foreseeability as such relates to negligence. It was plaintiff's theory that the drivers involved, under all the circumstances, failed to anticipate the icy conditions that were present, when a reasonably prudent man would have foreseen such conditions and taken appropriate measures. Defendants' theory was to the contrary. Defendants' theory was covered by instructions upon the emergency doctrine and unavoidable accident. Plaintiff's theory, as defendants', was supported by the evidence. No instruction adequately covered this aspect of plaintiff's theory. An appropriate instruction should be given upon retrial.

Plaintiff assigns error to the admission of testimony relating to the presence or absence of signs requiring chains, and the posting thereof by the highway department. Plaintiff contends, in essence, that such testimony was immaterial and prejudicial because the action of the highway department in posting or not posting such signs is not determinative of the duty of drivers to mount chains.

■ We agree with plaintiff, to the extent that the duty of a driver to install chains under varying circumstances is not determined solely by the highway department. However, the lack of signs requiring chains on a mountain pass, where such signs are customarily posted, is a circumstance which a jury is entitled to consider, along with all other proper evidence in a case, in determining whether a driver is negligent in failing to mount chains. Our review of the record satisfies us that evidence bearing upon the presence or absence of such signs was proper.

Plaintiff has assigned error to the failure of the trial court to give her requested instructions Nos. 2, 5, 21, 22, and 35.

Proposed instruction No. 5, while indirectly covered, should be directly covered on retrial.

We find no merit in plaintiff's remaining contentions. Instruction No. 2 is inappropriate, and the subject matter of

proposed instructions Nos. 21, 22, and 35 is, so far as appropriate, otherwise covered by the instructions given.

We turn next to Northern Pacific's appeal from the order of the trial court granting plaintiff a new trial limited to the issue of damages.

Northern Pacific first assigns error to the trial court's denial of its motions for directed verdict and for judgment notwithstanding the verdict.

Again, as with plaintiff's motions, our examination of the evidence, in the required favorable light, satisfies us the trial court did not err. Under the evidence presented, the minds of reasonable men could well differ as to whether or not Northern Pacific was guilty of negligence in one or more of the manners alleged.

Because of our disposition thereof, we will next consider Northern Pacific's assignment of error directed to the trial court's action in granting plaintiff a new trial limited to the issue of damages.

As heretofore indicated, plaintiff's action against Northern Pacific was brought under the provisions of the Federal Employees' Liability Act. Her action against Time Oil and Liggett was premised upon state law. Differing rules of liability and damages are applicable. To assist in segregating the issues of liability and damages, the trial court submitted to the jury special interrogatories, in addition to the general verdict forms.

The applicable general verdict returned by the jury reads:

"We, the jury in the above entitled action, find in favor of the plaintiff against the defendant, Northern Pacific Railway, in the sum of $28,245.00, and as to the defendants Time Oil Company and Roland F. Liggett we find in favor of said defendants against the plaintiff."

The pertinent interrogatories submitted, together with the jury's action thereupon, read:

"INTERROGATORY No. 3:
    "Was defendant, Northern Pacific Railway Company, negligent?
"ANSWER: Yes (Yes or no)

"INTERROGATORY No. 4:

"If defendant, Northern Pacific Railway Company, was negligent, was such negligence a proximate cause of the death of Darwin B. Sage?

"ANSWER: <u>Yes</u> (Yes or no)

"In the event that plaintiff is awarded damages, and Interrogatories No. 3 and 4 are answered in the affirmative, then you are to answer the following interrogatories:

"INTERROGATORY No. 5:

"What amount of your verdict, if any, represents loss of pecuniary benefits which the plaintiff might reasonably have expected to receive from the continued life of the deceased, Darwin B. Sage?

"ANSWER: <u>$26,880</u> (Amount)

"INTERROGATORY No. 6:

"What amount of your verdict, if any, represents damages to plaintiff for deprivation of deceased's love, affection, and companionship, society and protection?

"ANSWER: _____ (Amount)

"INTERROGATORY No. 7:

"What amount of your verdict, if any, represents reimbursement to the plaintiff for funeral and burial expenses incurred as a result of the death of Darwin B. Sage?

"ANSWER _____ (Amount)"

Under the instructions given, plaintiff's recovery against Northern Pacific was limited to the loss of pecuniary benefits. Under such instructions and the evidence presented, there appears to be no logical explanation for the $1,365 difference between the general verdict amount and the answer to interrogatory No. 5.

Rule of Pleading, Practice and Procedure 49(b), RCW Vol. 0, provides:

"(b) *General Verdict Accompanied by Answer to Interrogatories.* The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious,

the court shall direct the entry of the appropriate judgment upon the verdict and answers. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial."

Perusal of the general verdict and the interrogatories indicates: (a) answers to the interrogatories are consistent with one another; (b) answers to interrogatories Nos. 3 and 4, relating to liability, are consistent with the general verdict; (c) answer to interrogatory No. 5 and the omission of answers to interrogatories Nos. 6 and 7, while consistent, in effect, with one another, are inconsistent with the general verdict; and (d) the jury, contrary to directions of the court, did not answer interrogatories Nos. 6 and 7.

The trial court, within the framework of Rule 49(b), *supra*, possessed three alternatives: (a) Return of the jury for further consideration of its verdict; (b) direct the entry of judgment in accordance with the answer to interrogatory No. 5; or (c) order a new trial.

The trial court did not return the jury for further consideration of its verdict, although plaintiff's counsel called attention to the inconsistency at the time the verdict was received. Thereafter, the trial court, believing the jury to have been confused by the instructions upon damages, chose the third alternative, and awarded a new trial, limiting such, however, to the issue of damages. At the same time, the trial court denied plaintiff's motion for new trial as to Time Oil and Liggett.

■■ We are satisfied, under all the circumstances, and for the reasons assigned by the trial court, that it was justified in granting a new trial. We are not satisfied, however, since a new trial has now been ordered as to Time Oil and Liggett, that the new trial as to Northern Pacific should be limited to damages only.

In *Nelson v. Fairfield*, 40 Wn. (2d) 496, 501, 244 P. (2d) 244, we stated:

"The rule is that courts have the authority to limit issues on a new trial in those cases where it clearly appears that the original issues were distinct and separate from each other and that justice does not require the resubmission of the whole case to the jury. [Citing cases.]"

Rule of Pleading, Practice and Procedure 59.04W, RCW Vol. 0, provides, in part:

"The former verdict or other decision may be vacated and a new trial granted, in whole or in part, on one or more issues only, when such issues are clearly and fairly separable and distinct, . . ."

With a new trial being accorded plaintiff as to Time Oil and Liggett, the issues of liability and damages, as between the defendants, are not clearly and fairly separable and distinct in the sense contemplated by the rule. The trial court's order granting new trial will accordingly be expanded to include a new trial upon all issues.

We now consider Northern Pacific's remaining assignments of error directed to instructions given, instructions refused, and the admission of evidence, insofar as such may bear upon retrial.

Northern Pacific contends instructions Nos. 11, 12, and 13 are erroneous in that there is incorporated in one the phrase "non-delegable duty," and that none of the three limits its duty to the exercise of reasonable care in furnishing employees with a reasonably safe place to work. With respect to these contentions, we call attention to our holdings in *Kelley v. Great Northern R. Co.*, 59 Wn. (2d) 894, 371 P. (2d) 528, and *Strandberg v. Northern Pac. R. Co.*, 59 Wn. (2d) 259, 367 P. (2d) 137, wherein similar contentions were considered. Insofar as instructions Nos. 12 and 13 partake of the nature of formula instructions, we would again direct attention to the cases cited in footnote 3.

We find no merit in Northern Pacific's claim of error relating to its proposed instructions Nos. 8 and 10. Likewise, insofar as plaintiff's action be concerned, we are satisfied

the trial court did not err in refusing to submit proposed stock instruction No. 40.

Northern Pacific assigns error to the admission of the testimony of one of plaintiff's expert witnesses concerning safety standards relating to the carriage of loose equipment in vehicles such as the carryall, and the introduction into evidence of exhibit No. 43, being a booklet issued by the National Safety Council. Such testimony and documentary evidence were objected to upon the ground that they were immaterial and invaded the province of the jury, and that the witness was not qualified as an expert on the subject.

The trial court did not err in overruling these objections.

Plaintiff, in Northern Pacific's appeal, pursuant to Rule on Appeal 16, RCW Vol. 0, contends that the interrogatories submitted by the trial court were confusing and productive of the inconsistency heretofore referred to. In lieu of such interrogatories, plaintiff's counsel, at the trial, proposed a different form and content. Exception was taken to the trial court's refusal to give such.

▇▇ The form and content of interrogatories to be submitted to a jury are the responsibility of the trial court. When interrogatories are to be submitted, it is appropriate and proper for counsel to offer, for the court's consideration, proposals as to the form and content thereof. *Cady v. Department of Labor & Industries*, 23 Wn. (2d) 851, 162 P. (2d) 813, *Whitaker v. G. B. & S. Mill, Inc.*, 21 Wn. (2d) 625, 152 P. (2d) 719. The interrogatories must conform to the issues. *McCreedy v. Fournier*, 113 Wash. 351, 194 Pac. 398. 4 Wash. Pract. (Orland) 311, 312.

We are not convinced that the particular form and content of the interrogatories here used were wholly responsible for the confusion and inconsistency. Neither are we satisfied that the proposed special findings, submitted by plaintiff, would be confusion-proof. We believe greater clarity in the instruction upon damages and the introduction to the interrogatories, or special findings, will be of benefit to the jury on retrial.

The cause is remanded for a new trial upon all issues between all parties. Costs, as between the respective parties, will abide the results.

OTT, C. J., DONWORTH, FINLEY, and HUNTER, JJ., concur.