**Edward CARLSON, Plaintiff,**

v.

**SOUTHERN PACIFIC RAILROAD COMPANY, a Delaware corporation, and Soo Line Railroad Company, a Minnesota corporation, Defendants.**

**Civ. No. 66-479.**

United States District Court
D. Oregon.

Dec. 20, 1967.

Garry Kahn, Pozzi, Levin & Wilson, Portland, Or., for plaintiff.

Richard S. Borst and O. Meredith Wilson, Jr., McColloch, Dezendorf & Spears, Portland, Or., for defendant Southern Pac. Co.

Clarence R. Wicks, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for Soo Line R. Co.

OPINION

KILKENNY, District Judge:

Plaintiff, a shipping clerk for the Diamond Lumber Company, instituted this action to recover damages he allegedly sustained when closing a railroad car door. Plaintiff alleges that the door was defective and that this defective condition proximately caused his injuries. Defendants, the Southern Pacific and the Soo Line Railroads, allege that plaintiff's injuries were sustained because of the negligence of his co-employees in failing to inspect the door, in failing to keep a proper lookout, and in failing to warn defendant of any defects.

Plaintiff challenges the right of defendants to utilize the common law fellow-servant doctrine.[1] Here, defendants stand in no employer-employee relationship with the plaintiff. It is clear

1. Mast v. Kern, 34 Or. 247, 252, 54 P. 950 (1898).

that the master-servant relationship must be established before the fellow-servant rule can be employed. Simmons v. Oregon R. R. Co., 41 Or. 151, 69 P. 440 (1902). Consequently, the defendants cannot avail themselves of this doctrine. If defendants are relying on the negligence of a third person, rather than on the fellow-servant doctrine, their position is not improved. The negligence of a third person is not a defense.

 Another question posed for decision is whether the rules and regulations of the Association of American Railroads are admissible in evidence on the issue of defendants' negligence. As a general rule, such rules are admissible as some evidence of the standard of care which is required of a railroad. Wigmore on Evidence, Vol. II, § 282, p. 132, 3d Ed., Vol. II, § 461, p. 501; State to Use of Creasey v. Pennsylvania R. R. Co., 190 Md. 586, 59 A.2d 190 (1948). There is nothing in Burroughs v. So. Pac. Co., 153 Or. 431, 56 P.2d 1145 (1936), which is contrary to the general rule. There the Court rejected a rule relating to switching, because the latter was not involved.

The identical type of rules here challenged were admitted in evidence on the negligence issue in Reed v. Missouri-Kansas-Texas R. Co., 362 Mo. 1, 239 S.W.2d 328 (1951). A booklet of rules issued by the National Safety Council was admitted on the same issue in Sage v. No. Pac. R. R. Co., 62 Wash.2d 6, 380 P.2d 856 (1963). The rules are admitted as an aid in determining the standard of reasonable care. Danbois v. New York Central R. R. Co., 12 N.Y.2d 234, 238 N.Y.S.2d 921, 189 N.E.2d 468 (1963). Although Oregon has not directly passed on the question, I suggest that Oregon would follow the general rule. The Supreme Court of that state has found no difficulty in permitting evidence of custom and usage, as an aid on the issue of negligence. Robertson v. Coca Cola Bottling Co., 195 Or. 668, 247 P.2d 217 (1952) and Shaver Forwarding Co. v. Eagle Star Ins. Co., 172 Or. 91, 139 P.2d 769 (1943). There is no valid area of distinction between custom and usage and safety rules and regulations which have been promulgated by a representative group of American railroads.